No. 5254.

P. C. WITHERS *v.* THE STATE.

1. PRACTICE—SOUNDING A STATE'S WITNESS.—Before being required to an-
nounce for trial, counsel for the defense were permitted to privately in-
terrogate a State's witness as to what his testimony would be. The wit-
ness refused to divulge, and the trial court refused to compel him to do
so to the defense privately,—disclaiming power in the court to so compel
the witness on such an occasion. *Held*, that there was no error in the
refusal of the court.

2. SAME—SURPRISE.—In a prosecution for keeping and exhibiting a gaming
table, it appears that at a previous trial the prosecuting witness swore
that the offense was committed in a certain saloon, but at this trial he
swore that it was committed at a different saloon and locality. The de-
fense, claiming surprise at this change in the witness's testimony, moved
for a postponement or continuance of the case, to enable the defense to
procure the testimony of certain witnesses who would disprove the
charges in the indictment. *Held* that under the circumstances the trial
court erred in overruling the motion and forcing the defendant to trial.

APPEAL from the County Court of Denton. Tried below be-
fore the Hon. S. M. Bradley, County Judge.

This appeal is from the second conviction of the appellant for
keeping and exhibiting a gaming table for the purpose of gam-
ing. On appeal from his first conviction he obtained a new trial
for reasons shown in the report of the case in 21 Texas Court of
Appeals Reports, page 210. The penalty assessed against him
on his second conviction was a fine of twenty-five dollars. The
opinion and head notes disclose all material facts. As will be
seen, the opinion was rendered on a motion for rehearing, the
judgment having been previously affirmed without opinion.

*Owsley & Walker*, for the appellant.

*W. L. Davidson*, Assistant Attorney General, for the State.

HURT, JUDGE. Appellant was convicted of the offense of un-
lawfully keeping and exhibiting, for the purpose of gaming, a
certain gaming table. There was but one witness for the State,
one Burriss. It appears that appellant's counsel requested this

witness to inform him as to what he knew of the case. The witness refusing to give the information, counsel applied to the court to compel the witness, which the court refused to do; to which refusal an exception was taken. This was not error.

It also appears that there had been a former trial of this case, and that this Burriss was the prosecuting witness, he then locating the offense "in a room over Paschal's saloon," in the town of Denton. In testifying upon the second trial, he placed the room "in Withers's saloon, on the west side of the public square." Counsel for appellant, claiming surprise, moved the court to permit a withdrawal of announcement, and that the cause be postponed or continued for want of the testimony of O. P. Poe, Newt. Paschal, J. B. Duncan and B. A. Kelso, residents of the county, by whom he could prove that, at the time and place testified to by Burriss, defendant did not exhibit a gaming table, but played a game of draw poker, for which he had been fined, etc. That, if postponed, he desired to enter, and to prove by these witnesses, his plea of former conviction. This motion was overruled.

The indictment charging the keeping and exhibiting of a gaming table, the former conviction for playing at poker could not be interposed. In fact, there was no necessity for such a plea, for the plain reason that, if not guilty of keeping and exhibiting a gaming table, he could not be convicted at all. But if, in fact, the transaction testified to by Burriss was the same as that mentioned in the motion, the testimony which he stated would be given by these witnesses would have been a complete defense. This being so, the motion to withdraw should have been sustained, and the cause continued or postponed, according to the circumstances.

The record presents no other reversible error, but for that indicated the rehearing is granted, the judgment reversed and the cause remanded.

*Reversed and remanded.*