CARL KNIGHT v. THE STATE.

No. 5728. Decided March 24, 1920.

1.—Aggravated Assault—Jury and Jury Law—Bill of Exceptions.

Where, upon trial of aggravated assault, the list of regular jurors was exhausted and a deputy sheriff was sent out to summon talesmen without then being sworn, but the bill of exceptions showed that no objections were made at the time, and the question was first raised on a motion for a new trial, there was no reversible error. Following: Habel v. State, 28 Texas Crim. App., 588, and other cases.

2.—Same—Evidence—Bill of Exceptions—Practice on Appeal.

Where, the appellant complained that the trial court refused to permit certain evidence, but the alleged language so offered in evidence was not set out in substance or in words in the bill of exceptions, there was no reversible error, and the complaint that appellant was not permitted to show this in his bill of exceptions should have been obviated by a bystander's bill.

3.—Same—Evidence—Bill of Exceptions—Reputation.

Unless it affirmatively appears that the rejected testimony was of the general reputation of the prosecuting witness, it would not be admissible, and the bill of exceptions being defective, there was no reversible error.

4.—Same—Venue—Charge of Court.

Where, upon trial of aggravated assault, the venue was proven, there was no error in the court's failure to give a requested charge in which an acquittal was asked on the ground that the venue was not proved.

5.—Same—Serious Injury—Sufficiency of the Evidence.

Where, the indictment alleged serious bodily injury as means of aggravation, and the evidence showed that the injured party was struck a blow by the defendant with the metal part of a pitchfork which produced a cut four inches in length, laid the bone bare, and left a print on the skull, making him unconscious, etc., the allegation was sustained, and there was no reversible error.

Appeal from the County Court of Young. Tried below before the Honorable W. P. Stinson.

Appeal from a conviction of aggravated assault; penalty, a fine of One Hundred Dollars and sixty days confinement in the county jail.

The opinion states the case.

*Thos. G. Binkley*, for the appellant.—On question of summoning jury: Wyers v. State, 22 Texas Crim. App., 258; Sewall v. State, 148 S. W. Rep., 569.

On question of insufficiency of the evidence: Parish v. State, 153 S. W. Rep., 327.

*Alvin M. Owsley*, Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the County Court of Young County, of aggravated assault, and his punishment fixed at a fine of $100, and confinement in the county jail for sixty days.

The injured party—one J. W. Seddon—was struck on the head by a pitchfork, in the hands of appellant. An examination of the record does not disclose that anything passed between the two men prior to the time they met, and appellant struck without any words or other matter between them. No predicate was laid for any claim of justification for said assault.

A gash some four inches in length was cut to the bone on Seddon's head, which injury the physician who treated it described as being serious, and one calculated to produce death.

Appellant's first contention is that the list of regular jurors was exhausted, and that a deputy sheriff was sent out after talesmen, without then being sworn as required by law. An examination of this bill of exceptions makes it appear that no objection to such action of the officer was made at the time the officer was sent, nor until after conviction, and in the motion for new trial. It appears also, that the only objection, as raised, was that the officer was not sworn at the time he was sent out after said jurors. This is not a sufficient show-

ing to present error. It is held in many cases, that where the only showing is that the sheriff or deputy was not sworn when sent out, that this is not sufficient. If the officers were sworn in the beginning of the term, it would not be necessary to repeat the oath each time talesmen were summoned. To make a sufficient showing, this bill would have to go further, and make it appear that the officers had not been sworn during the term, and anterior to this trial. Habel v. State, 28 Texas Crim. App., 588; Deon v. State, 37 Texas Crim. Rep., 506. It is also held that the failure to administer the oath to the officer, must appear affirmatively in the record, and that a mere statement to that effect in the bill of exceptions, would not suffice. Samschen v. State, 8 Texas Crim. App., 45. An irregularity of this kind must be excepted to at the time, and cannot be presented for the first time in a motion for a new trial.

Appellant, by his fourth bill of exceptions, urges error in that the trial court refused to permit certain evidence. We are unable to say whether error was committed or not, for the reason that the language so offered in evidence, is not set out either in substance or in words in said bill. The purpose of said testimony as stated was to show facts which might have gone in extenuation of the offense, and, hence, in mitigation of the punishment, but in order for us to pass on the supposed error, it is necessary that in some way the rejected testimony be made known to us; otherwise it would be impossible for us to form an intelligent opinion as to the probable injury in excluding same. It is not sufficient to merely say that the court erred in refusing to admit in evidence from certain witnesses, slanderous statements which were communicated to the defendant before the difficulty. This but expresses the opinion of the pleader. The statements, or their substance, must appear before us. It is intimated in the argument of counsel, that the trial court would not permit him to show in his bill what the rejected language was. In such case, appellant had his right to offer to the court his bill, showing such rejected testimony, and upon the court's refusal thereof, to have same proved up by by-standers, as provided by statute, and thus bring same before us properly.

What we have just said as to the fourth bill of exceptions, also applies to the third, in which an attempt appears to have been made to show error on the part of the court in refusing to allow appellant to testify to slanderous language communicated to him before the difficulty.

Appellant also has a bill, because the court would not allow him to prove the reputation of the prosecuting witness in the community where he lived. It does not appear from the bill whether the proof offered was of good or bad reputation, nor does it appear that it was of the general reputation of said party in the community. Unless it affirmatively appears that the rejected testimony was of the general reputation, it would not be admissible. Likewise, unless it was of the

bad reputation, for the witness had not been attacked, and in such case, evidence of good reputation is not admissible.

Attributing to the action of the trial court correctness, in the absence of a showing of any error in the bill, we are compelled to sustain the court's refusal to permit the evidence.

A special charge was refused, in which an acquittal was asked on the ground that venue was not proven. Said charge was properly refused. In the testimony of the prosecuting witness, appears the following statement: "The defendant struck me while we were both engaged in assisting in threshing grain on the Ida Cherryhomes farm in Young County, Texas."

It is urged that the evidence does not sufficiently show the serious nature of the injury. The blows were struck with the metal part of a pitchfork—that part of the metal just below the handle, and where the prongs or tines begin to branch, being the part that struck the head of the injured party; and it is shown that a cut was made in his head four inches in length, and which laid bare the bone. The doctor who treated Mr. Seddon, says that the print of the metal was on the skull, and that he regarded the wound as one calculated to produce death; that the injured party was unconscious, or semi-conscious, for twenty-four hours, and remained in a hospital for a week, and was treated by him for three weeks. We are not prepared to say, in the face of this testimony, that the verdict was without support, in finding appellant guilty of aggravated assault, in that he inflicted serious bodily injury.

Finding no reversible error in the record, the judgment will be affirmed.

*Affirmed.*

[Rehearing refused, April 24, 1920—Reporter.]