## J. L. PRINCE V. THE STATE.

No. 10932.   Delivered June 1, 1927.

Rehearing denied October 19, 1927.

1.—Swindling—Evidence—Repeating Testimony—Properly Suppressed.

Where appellant complains of being prevented from testifying to certain facts, and the record discloses that he had in fact testified to identically the same facts, no error is shown.

2.—Same—Charge of Court—Requested Charges—Must Be Presented Within Time.

Objections to the court's main charge, and special charges requested, must be shown to have been made before the court's main charge was read to the jury, to entitle such objections and requested charges to be reviewed on appeal.

**3.—Same—Bill of Exception—Qualification by Court—How Noted.**

Where appellant excepts to the qualification of his bill of exception, his exception should be certified to by the court, and it is not sufficient if counsel himself endorses on the bill following the signature of the judge, that the qualification was excepted to.

ON REHEARING.

**3.—Same—Requested Charge—Properly Presented.**

On rehearing we agree with appellant that his requested charges were properly presented, but this being a misdemeanor case, and there being no exception taken to the court's main charge as given, it is not sufficient to request a special charge.

Appeal from a conviction in the County Court of Nacogdoches County. Tried below before the Hon. F. P. Marshall, Judge.

Appeal from a conviction of swindling, a misdemeanor, penalty thirty minutes in jail and a fine of $7.00.

The opinion states the case.

*S. M. Adams* and *R. A. McAlister,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BETHEA, JUDGE. — The appellant was convicted for the offense of swindling, and his punishment assessed at thirty minutes in jail and a fine of seven dollars.

The appellant wanted money with which to send mules to Jasper, Texas, and gave J. J. Coker a check for seven dollars on a bank in Rosenberg. Coker paid appellant in cash and took the check in return for same. At the time appellant executed and delivered said check, he had no money in said bank. The check, up to the time of the trial, had never been paid.

Appellant testified that at the time he gave the check he thought he was giving it on a bank in Jasper; that the reason he gave the check on the Rosenberg bank was because about a year prior to the trial he lived in Rosenberg and had a bank account there, and that he just "happened" to have a Rosenberg check book in his pocket; that Mr. Coker wrote the check and appellant signed it without noticing to change the name of the bank on which it was drawn.

There are two bills of exception in the record. The first bill complains of the refusal of the court to permit appellant to answer the following question:

"How long was it after you were first notified that the check was refused that you tendered payment of the same?"

The bill recites that, if permitted, the appellant would have answered:

"About two or three days after I was notified that the check was refused by Mr. Greve, which was the first notice that I had received, I told Mr. Coker to change the name of the bank on the check, that there must have been some mistake."

We are unable to agree with appellant's contention. We find in the statement of facts where the appellant testified on direct examination as follows:

"When I got the letter from Mr. Greve some several months after the check was given, it was the first I knew of it being turned down at the bank, and I told Mr. Coker while he was in Jasper that the check had evidently been given on the wrong bank, as I could not understand why it was turned down, and for him to change the name of the bank and to send it back."

This is substantially the same evidence appellant is complaining of in the bill. We fail to observe any error in not permitting the question and the answer.

We further understand from the qualification of the bill that the transaction inquired about occurred after the prosecution had been·instituted. If this be true, the statement would be self-serving and therefore inadmissible.

There is nothing in appellant's bill of exception No. 2 that would indicate that the appellant pointed out any errors in the court's main charge or that the special charge refused by the court was prepared and presented to the learned trial judge for his consideration before the main charge was read to the jury. All objections to the charge and to the refusal of special charges must be made at the time of the trial.

Appellant's exceptions to the qualifications of the above two bills of exception appear below the signature of the trial judge. This is not sufficient. It should be certified to by the trial judge. The two bills are therefore considered in the light of said qualifications.

There appearing in the record no errors calculated to injure the rights of the appellant, and there being nothing in the record indicating that the appellant has not had a fair and impartial trial, and the facts being amply sufficient to support the verdict, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant makes a persuasive motion and oral argument. He makes no complaint of our original opinion because of its disposition of his first bill of exceptions, but seriously urges that his second bill of exceptions does show that the special charge asked was presented to the court after the evidence was closed and before the main charge of the court had been read, and that therefore said bill does comply with the statute. We are inclined to agree with this contention of appellant. His bill of exceptions No. 2 recites that the court prepared and submitted to the defendant's counsel his charge to the jury, and thereupon defendant, before the court's main charge was read to the jury, filed his special charge No. 1, which was presented to the court and State's Attorney before the court's main charge was read to the jury, which said special charge is as follows, etc. We think this sufficiently shows a due and timely presentation of said special charge. However, we find in the record no exceptions to the charge of the court. There being no exception to the charge as given, it is not sufficient to request a special charge.

Being unable to agree with the complaints in the motion, same will be overruled.                              *Overruled.*