## ED NICHOLSON V. THE STATE.

No. 10181.　Delivered June 8, 1927.

Rehearing denied October 19, 1927.

### 1.—Rape—Continuance—Properly Refused.

Where, during the progress of the trial, appellant asked leave to withdraw his announcement, and that he be granted a continuance on account of surprise, and his motion failed to set out any names of witnesses or facts which he expected to prove, there was no error in refusing the continuance. See Hilley v. State, 105 Tex. Crim. Rep. 436, and other cases cited.

### 2.—Same—Bill of Exception—Qualification of Court—How Excepted To.

Where a bill of exception is qualified by the court, it is not a sufficient exception to the qualification that appellant's counsel endorse thereon, following the judge's signature, authenticating the bill and his explanation thereto. "To which qualification the defendant objects and excepts," signed only by counsel for the appellant. The notation of the exception must be authenticated by the trial judge. See note 35, Art. 667, Vernon's C. C. P., Vol. 2, p. 404.

### 3.—Same—New Trial—Newly Discovered Evidence—Properly Refused.

Where appellant requested a new trial on account of the newly discovered evidence of three witnesses, two of whom were present and testified on the trial and the third was a son of appellant, living in the same house with him, whose testimony could have been discovered by the slightest diligence, the motion was properly refused. See Sec. 204, Branch's Ann. P. C.; Barrett v. State, 98 Tex. Crim. Rep. 627, and other cases cited.

ON REHEARING.

### 4.—Same—Right of Counsel—To Interview Witnesses—Rule Stated.

Where the court had instructed the witnesses that it was not improper to talk to counsel for the defendant, and to apprise him of what their testimony would be, this was all that it was encumbent upon the trial court to do, and the witnesses refusal to talk to counsel for the defendant would not call for a reversal of the case.

Appeal from the District Court of Limestone County.　Tried below before the Hon. J. R. Bell, Judge.

Appeal from a conviction for rape, penalty twenty-five years in the penitentiary.

The opinion states the case.

*H. F. Kirby* and *N. T. Stubbs,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

HAWKINS, Judge.—Appellant is under conviction for rape upon his 12-year-old daughter, Ruby Nicholson, his punishment having been assessed at twenty-five years in the penitentiary.

Prosecutrix's mother was dead. She was living with appellant and her three brothers, one of whom was Newton Nicholson, 17 years old, and two younger children. She testified that appellant came to her bed on a Wednesday night and attempted to have intercourse with her but on that occasion did not accomplish his purpose; that on the next night appellant and Newton went to the picture show and that she was asleep when they returned; that about 11 o'clock appellant came into the room where she was sleeping with her little brother, took her out of the bed in which she was, placed her on another bed and there had intercourse with her; that she cried and begged him not to do so, but that he told her to shut her mouth or he would beat her to death and would kill her if she told it. According to her evidence this act caused pain and some bleeding, and that as soon as he returned to his room she removed the soiled undergarments, washed and slipped out of the house and went to the home of Mrs. Brown, who was a step-sister of prosecutrix's mother. Mrs. Brown testified that prosecutrix came to her house on the night in question some time between 10 and 11 o'clock, knocked on the door and called, and when let in the house that prosecutrix was scared, nervous and crying, and said her father had overpowered and mistreated her. The next morning before breakfast the prosecutrix, under witness' advice, went to the City Hall and reported the matter. Appellant denied the transaction, and asserted that he and his son came home about 11 o'clock on the night of the alleged offense; that they both retired and that he did not go into his daughter's room or see her after he reached home; that the next morning when he discovered she was not at home he began to search for her and was so engaged when arrested. Newton, the 17-year-old son, testified as did appellant.

Dr. McKnight was used as a witness by the state. He examined prosecutrix the day after the alleged offense and found the hymen torn, the tear extending about half an inch into the vagina, the laceration appearing to be recent. The doctor also testified that prosecutrix was large enough for a man with an average size organ to have intercourse with her. When Dr. McKnight made the examination Dr. McKenzie was present. He was placed upon the witness stand by appellant and his evidence as to the condition of prosecutrix was in substantial accord with that of Dr. McKnight.

After prosecutrix had testified appellant asked permission to withdraw his announcement of ready and continue the case on the ground of surprise at her evidence. The bill of exception bringing this matter forward is quite lengthy but when analyzed it is nothing more than a statement that it was appellant's belief that prosecutrix was in a state of pregnancy as a result of improper relations with her uncle and appellant was surprised in her denying that she was in such condition and also in her denying that she had been criminally intimate with her uncle. The application for continuance further asserts that appellant believed a conspiracy existed between prosecutrix and her uncle to get him out of the way, and if granted a continuance he could prove such matters. He gives the name of no witness and states no particular fact which he expects to be able to prove. The most that can be said of his application is that it amounts only to an appeal to the court to continue the case with the expressed hope that appellant might be able to find some witness who would give testimony supporting the averments. Hilley v. State, 105 Tex. Crim. Rep. 436, 289 S. W. 61; Marta v. State, 81 Tex. Crim. Rep. 135, 193 S. W. 323; Hodde v. State, 8 Tex. Crim. App. 382; Withers v. State, 23 Tex. Crim. App. 396, 5 S. W. 121. The court appends to the bill a lengthy explanation which makes it clear that his refusal of appellant's request was not error. Following the judge's signature authenticating the bill and his explanation thereto there appears a notation as follows: "To which qualification the defendant objects and excepts." This is signed only by the attorneys. It is not such an exception to the judge's action as will authorize consideration. Like any other exception it must be verified by the trial court before this court can consider it as properly in the record. If the notation had been authenticated by the trial judge it would have been sufficient without the necessity of a separate bill complaining of the explanation.

What purports to be bill of exception No. 2 is a complaint because of the refusal of the court to permit prosecutrix to answer certain questions which were set out. This bill has no place in the record. It was refused by the court for the reason as stated by him that the questions were not asked. (Many authorities are collated under note 35, Art. 667, Vernon's C. C. P., Vol. 2, p. 404.)

Bills of exception Nos. 4 and 5 present no error in view of the explanation placed thereon by the court.

Among other grounds for a new trial appellant alleged newly discovered evidence, set out in his motion, which he expects

from the witnesses, Dr. McKnight, Dr. McKenzie, Mack Tom Nicholson and Newton Nicholson. In order to excuse himself from the lack of diligence in not discovering the alleged new evidence of the doctors, appellant avers that they declined to talk to his attorneys. Both physicians testified as witnesses, one having been called by the state and the other by appellant. They say in their affidavits attached to the motion the reason that they did not testify to the facts claimed to be newly discovered was because they were not questioned relative thereto, and the reason they did not talk to the attorneys was because they thought they were not permitted to do so. In appellant's application for continuance heretofore discussed he avers that the two physicians named had refused to talk to his attorneys. It is stated in the court's explanation to that bill that on the morning of the trial and before the convening of court appellant's attorney complained of not being able to communicate with some physician whose name the judge did not recall, and that he then told them he would instruct any witness who refused to talk to them that it was his duty to tell them what he knew about the case, but that he was not called upon to so instruct any witness; that in addition to this offer the court instructed the witnesses when they were placed under the rule, that the attorneys had a right to talk with them, regardless of which side they represented. If counsel ever attempted to talk to the physicians after this and met with refusal the record does not show it. The matters claimed to have been newly discovered could have been ascertained from the doctors if counsel had availed themselves of the offer and aid of the court, or by questioning them—while on the stand. We fail to note any reason for failure to discover the matters which it is now alleged that Mack Tom Nicholson would testify to, except that he was not asked about it. He was the 10-year-old son of appellant, was known by him to have been at home on the night of the alleged offense, and was present at the trial. The same is true of Newton Nicholson. He was present and testified as a witness. Of the four witnesses from whom the newly discovered evidence is claimed all were present at the trial and three of them actually testified. It is only in exceptional cases that newly discovered evidence can be claimed from witnesses who were present at the trial. See Sec. 204, Branch's Ann. Tex. P. C., and Barrett v. State, 98 Tex. Crim. Rep. 627, 267 S. W. 511, for collation of authorities. It is believed appellant does not bring himself within any of the exceptions.

The judgment is affirmed.     *Affirmed.*

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In the light of appellant's motion we have again reviewed the testimony in order to see if we could agree with his contention that the testimony concerning blood upon the undergarments of the appellant was of such great prejudice and injury to him as that same could not be withdrawn by the court's instruction, but we have become more convinced of the correctness of our decision in this regard.

The juries under our system are made responsible for the decision as to the weight of the testimony and the credibility of the witnesses. The claim advanced in the motion that the prosecutrix entertained such feeling of resentment toward appellant as to render her unworthy of belief, has already been referred to the jury and by them decided adversely to the appellant, and this court would be unwilling to go counter to such finding unless upon a much greater showing than is made in the record before us.

We see no reason for attempting to make a distinction between a case such as is now before us, and any other case which has been before the court upon similar state of facts. The question of the ruling of the trial court in the matter of talking with the attorneys for the defense by the prosecuting witness, seems in line with other decisions. These are the only questions presented in the motion for rehearing, and same is hereby overruled.

*Overruled.*