## J. J. DIXON V. THE STATE.

No. 11257.   Delivered February 8, 1928.

**1.—Possessing Intoxicating Liquor—Continuance—No Diligence Shown—Properly Refused.**

Where appellant requested a continuance on account of the absence of two witnesses, one of whom was his wife, and no diligence to secure their attendance was shown, and no affidavit of either witness was presented with the motion for a new trial, no error is apparent in refusing the continuance.

**2.—Same—Evidence—Properly Excluded.**

Where, on a trial for the possession of intoxicating liquor, the state offered in evidence two of the bottles of beer found in appellant's possession, and on objection of the defense, the court sustained the objection. Later, appellant offered the same two bottles in evidence, and the objection of the state to their introduction was sustained. Nothing is set out in appellant's bill showing sufficient reason why the bottles should have been admitted as defensive evidence.

**3.—Same — Impeaching Defendant — Proof of Other Indictments — Held Proper.**

There was no error in permitting the state, for purposes of impeachment, to prove by appellant that he had been repeatedly indicted for

felonies within eighteen months, and to introduce five felony indictments which had been returned against him.

### 4.—Same—Bill of Exception—Insufficient—Presents No Error.

Where a bill of exception complains of the admission of testimony as to what was found by the officers who searched appellant's premises, and the objections made thereto are fully set out in the bill, but nothing therein verifies as true such objections, and no facts are stated from which this court may infer that the objections were well taken, such bill is insufficient to present error.

### 5.—Same—Evidence—Expert Testimony—Of Chemist—Not Secondary.

There was no error in permitting the chemist, who analyzed the liquor found on appellant's premises, to testify to the result of the analysis. The fact that he had made a written memoranda of said analysis, which was not produced, did not make his testimony subject to the objection that the written memoranda was the best evidence.

### 6.—Same—Bill of Exception—Qualification of Court—Improper Practice.

A qualification by the trial court of a bill of exception that the court does not certify to the correctness of the facts stated, save as the same are shown to be true by the record, is not proper practice. Such a qualification, if permitted, would require this court to search through an entire record to discover whether the facts stated in the bill of exception are sustained by the record.

### 7.—Same—Bill of Exception—Qualification of Court—Exceptions Thereto— Rule Stated.

Where the qualification of the trial court to a bill of exception is followed by a notation over the signature of appellant's attorney that the qualifications are excepted to, but there is no certificate of the trial court to the fact that such exceptions were made, this court will not consider such an exception, but will consider the bill as qualified.

Appeal from the District Court of Angelina County. Tried below before the Hon. C. A. Hodge, Judge.

Appeal from a conviction for the possession of intoxicating liquor for the purpose of sale, penalty one year in the penitentiary.

The opinion states the case.

*J. J. Collins* and *R. C. Musslewhite*, for appellant.

*A. A. Dawson,* State's Attorney, for the State.

LATTIMORE, Judge.—Conviction for possessing intoxicating liquor for purposes of sale, punishment one year in the penitentiary.

Appellant ran a barbecue stand on a public highway. Search of this place disclosed the presence of 158 bottles of beer, some of which was submitted to a chemist for analysis, who testified

fully to the alcoholic content of same. In an old chicken-house about fifty yards from appellant's place nine gallons of whiskey was also discovered. Chickens were roosting in this house, and appellant admitted that they might be his. A small privy, or toilet, was located close to the chicken-house. Appellant's wife was seen in and around the privy, near the chicken-house. Appellant admitted the privy was his, and a path or trail and tracks led from appellant's place to the chicken-house where the whiskey was stored.

Appellant sought a continuance because of the absence of his wife and one Purvis. Finding nothing in the record disclosing whether said continuance sought was the first or a subsequent one, we assume it to be the latter. No sort of diligence is shown as to either of said witnesses. Purvis was a state witness, and it is stated in the application that a subpoena had been issued for him in November, 1926, and that appellant believed said subpoena had been served upon witness. Copies of no process were attached to the application. The case was tried in April, 1927. The issuance of no subsequent process for said witness was shown. As to appellant's wife, it was admitted in the application that she had not been served with any process, appellant stating that he had expected her to be present and testify, but that she was ill. It was stated that she was in an adjoining county to that in which the trial was had. No certificate of any physician supporting the fact of illness on the part of the wife, was attached to the motion for continuance. Appellant testified in the case and made no statement in his testimony showing that his wife was ill. No affidavit of the witness was appended to the motion for new trial, nor was there any further effort made to satisfy the court below that said witness was in truth and in fact in such condition as that she could not be present at the trial, nor that her testimony as stated in the application for continuance, was true. We think the court entirely justified in overruling the motion for continuance, and the motion for new trial based in part upon the refusal of the continuance.

Bill of exceptions No. 2 sets out that the state offered in evidence two of the bottles of beer, the contents of which had been examined and testified to by the chemist. Upon objection by appellant the court declined to admit the two bottles of liquor in evidence. Thereafter appellant withdrew his objection, but the state declined to re-offer the bottles. Thereupon appellant offered same, and the state objecting, the court declined to permit said bottles in evidence. We find nothing

in the bill of exceptions supporting any proposition of injury on the part of appellant, or setting forth any sufficient reason why the bottles should have been admitted as defensive evidence.

Bill of exceptions No. 3 sets out that objection was made to a question to appellant while a witness in his own behalf asking how many times he had been indicted for a felony within eighteen months next preceding. We think the question pertinent. An answer that he had been indicted any number of times for a felony within the time mentioned, would have tended to affect his credibility as a witness. The admission of five felony indictments pending against appellant was not a proper subject for the objection appearing in bill of exceptions No. 4.

Bill No. 5 sets out appellant's objection to testimony as to what was found by the officers who searched appellant's premises on the occasion in question. The objections made are fully set out in the bill, but nothing therein verifies as true such objections, and no facts are stated from which this court may infer that the objections were well taken. The authorities are numerous and uniform, holding such bill to be insufficient.

Another complaint is made of the admission of the testimony of the chemist who analyzed the two bottles of beer taken from appellant's place. Based on the fact that said witness stated that he wrote out the result of his analysis and had left it at some place in Fort Worth, his statement as to the alcoholic content of the liquor ascertained by his examination thereof— was objected to as hearsay and secondary. The objection was without merit. The witness was not called on to testify to the contents of any absent written document, but on the contrary was asked to state what result he obtained from a chemical analysis of the liquor in question. The fact that he made out a written report of his findings and that same was at some place other than that of the trial, did not make his testimony subject to objection.

We find one or two of the bills are qualified by the statement of the trial court that he does not certify to the correctness of the facts stated save as same are shown to be true by the record. The particular bills so qualified in this individual case were not of such character as to give the court any great amount of trouble, but it is suggested that qualifications of this kind should be avoided, as in many cases the court might be compelled to review the entire statement of facts as well as the rest of the record in an effort to ascertain whether the facts stated in the bill of exceptions are sustaind by the record. We also observe that the qualifications of the court to some of the

bills are followed by a notation over the signature of appellant's attorney that the qualifications are excepted to. In none of these bills is there any certificate of the court below to the fact that such exceptions were made. Unless there is a certificate of the court that the qualifications were excepted to, this court will not consider such fact as true.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*