FRITZ SPANGENBERG V. THE STATE.

No. 14451.   Delivered November 18, 1931.

The opinion states the case.

*Jas. M. Simpson* and *Annie Justice Swain,* both of Eden, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for selling intoxicating liquor, punishment being assessed at one year in the penitentiary.

The indictment avers that appellant sold intoxicating liquor to one Charlie New.   He testified that he purchased a pint of whisky from appellant for which he paid him $2.50, using in the purchase three $1 bills which had been furnished him by the sheriff.   The sheriff's testimony was to the effect that he had taken the numbers of the bills; that he arrested appellant within fifteen minutes after the sale had been made and found in his possession the identical bills which had been furnished

by him to New. Appellant denied the sale. He accounted for his possession of the bills by saying that just before he was arrested and searched a Mexican to whom appellant had been selling milk, butter and eggs, paid· him these three $1 bills. Appellant was unable to give the Mexican's name. The case was called for trial on the 27th day of January, 1931.

Bill of exception No. 1 recites that when the case was called for trial appellant presented to the court through a friend the certificate, of a doctor dated January 26, which certified that appellant was under the professional care of the doctor and was unable to leave his residence on account of sickness. The bill further recites that the court disregarded the doctor's certificate and ordered preparations for the trial to proceed; that thereupon appellant left his sick bed and made his appearance in court and requested a postponement of the trial, in order that he might gain his strength and employ counsel and make preparations for his trial., These requests were refused. The court's qualification to the bill states that he had reason to believe that appellant was able to go to trial and so ordered; that appellant did not appear to be physically disabled, was present during the trial and apparently in fair physical condition and that after the trial was over and he did not go to bed, but was up and around the court house and around the streets. There is· appended to this bill a memorandum which would indicate that appellant was trying to except to the court's qualification, but the exception is not over the trial judge's signature, and therefore, is in no condition to be considered. Nicholson v. State, 107 Texas' Crim. Rep., 631, 298 S. W., 436; Serna ·v. State, 110 Texas Crim Rep., 220, 7 S. W. (2d) 543. The bill must be construed in connection with the qualification, and as so considered shows no error.

Immediately following bill of exception No. 1 in the transcript is what we take to be an effort to challenge the court's qualification to bill No. 1 by. a bystanders bill. It is signed by three parties, but only one appears to have made oath thereto. This is not a compliance with the requirements for a bystanders bill. Conger v. State, 63 Texas Crim. Rep., 312, 140 S. W., 1123.

Bill of exception No. 2 recites that after the trial had commenced appellant continued to request a postponement or continuance of his case, claiming that he had not been able to employ counsel. It appears from said bill that at some time during the trial the court appointed two attorneys who represented appellant. The bill recites that "in his motion for new trial appellant complained that he was allowed no time to consult with his counsel." It does not appear from the bill that upon the appointment of counsel any request was made by them for time to consult with appellant, or that any complaint was made at proceeding with the trial. No complaint was registered until the filing of the motion for new trial.

Bills of exception Nos. 3 and 4 present practically the same question

as that referred to in bill No. 2. As found in the record the bills present no error. The court was not required to appoint counsel to represent appellant in this character of case, and he seems to have done so only upon the insistence of appellant. The indictment was returned early in September, 1930; appellant was arrested four days later. The case was not called for trial until January 27th, 1931. No sufficient reason appears why there was not upon the part of appellant some preparation for his trial.

Bill of exception No. 5 recites that the regular jury panel was exhausted before the jury was obtained and the court instructed the sheriff to summon talesmen from which the jury was completed. For the first time in his amended motion for new trial appellant complained that the sheriff was not sworn as required by article 2119 of the Revised Civil Statutes when it became necessary for him under the direction of the court to summon additional jurors. There is no complaint that the jurors so summoned by the sheriff were disqualified or unfair. If he desired to object to the jurors because the officer had not been sworn at the time he summoned the appellant should have raised the question at the time the jurors were tendered. It was too late to complain of the matter upon motion for new trial. James v. State, 74 Texas Crim. Rep., 139, 167 S. W., 727; Knight v. State, 87 Texas Crim. Rep., 134, 220 S. W., 333.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*