### CURTIS BROWN V. THE STATE.

No. 16526. Delivered March 21, 1934.
Rehearing Denied May 9, 1934.

The opinion states the case.

*Clayton & Bralley*, of Amarillo, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin,for the State.

CHRISTIAN, JUDGE.—The offense is possession of intoxicating liquor for the purpose of sale; the punishment, confinement in the penitentiary for one year.

On the 7th day of April, 1933, officers discovered some whisky buried in a pasture belonging to Mrs. Fulton Brown. They remained near the whisky until night in an effort to apprehend the owner. About nine p. m., appellant drove to the place in an automobile, and, going to the point in the pasture where the whisky was buried, proceeded to dig up a half-gallon fruit jar filled with whisky. After taking this jar into his possession, appellant began to cover up the remaining whisky. At this juncture the officers appeared and arrested him. According to the testimony of the officers, he resisted arrest. After arresting appellant the officers dug up six- half-gallon fruit jars filled with whisky. Altogether they took into their possession three and one-half gallons of whisky.

Appellant testified that the whisky belonged to one Marshall; that he had bought a pint of whisky from Marshall to be used by his wife for medicinal purposes, a doctor having prescribed such use of whisky; that Marshall told him to get a half-gallon of the whisky and bring it back and take out the pint he had purchased. Appellant's wife and other witnesses gave testimony supporting the defensive theory.

It appears from bill of exception No. 1 that appellant was asked by the district attorney upon cross-examination if he had a ten-gallon crock of beer at his house on the occasion the officers came up. The answer was in the negative. Appellant's counsel objected as follows: "That is putting an issue in the case he is not charged with." The court overruled the objection with the statement that the district attorney was questioning him concerning the same day upon which the transaction involved in the present case occurred. Continuing his questioning, the district attorney asked appellant why he had a jar of home brew in his house. Appellant replied that it was for use by his wife as medicine and that he used some of the home brew for beverage purposes. He testified, after being further questioned, that he had made three or four "batches of beer" during the year, saying that about a month prior to the transaction involved in the present prosecution he had put up about sixty bottles of beer. On eliciting this information from appellant, the district attorney attempted to break down his defensive theory that the whisky the officers discovered was for the use of his wife as medicine. In short, in his cross-examination of appellant, the district attorney sought to have him explain why his wife was using whisky when he had in his possession a large quantity of beer which could have been used by her. Appellant finally testified that there was no beer in the house at the time the officers arrested him for possessing whisky. He said that it was subsequent to the transaction involved in the present case that beer was discovered in his home. The court qualified the bill of exception as follows:

"When the district attorney first asked the defendant, on cross examination, about the beer in the house—referred to in this bill—I concluded and supposed it was found there the same day the whisky was found in the ravine in the pasture. It later appeared it was not so found on said same day. Then I expressly instructed the jury that all testimony concerning said beer and the finding and making and use thereof was withdrawn from the jury and the jury was instructed to not consider such evidence for any purpose. I cannot certify to the statement in this bill that the said beer was found at a date subsequent to the date of the indictment or the filing thereof, for I do not have the statement of facts before me; but I believe it was not subsequent to said date, and respectfully refer to the statement of facts to show both dates."

As qualified, we think the bill of exception fails to reflect reversible error. The statement of facts fails to show that the

beer the officers found subsequent to appellant's arrest was discovered after the return of the indictment herein. Touching this matter, appellant testified: "There wasn't any beer in the house when the officers went out there that night after throwing me in jail. They did not get that bottle of beer before that; that was here lately." The indictment was returned August 8, 1933. The trial herein was held August 15, 1933, a week later. Appellant was arrested on the 7th day of April, 1933. Manifestly, appellant's statement that the beer had been found lately might be correct and yet the beer could have been discovered prior to the return of the indictment. It is observed that the court refused to certify in the bill of exception that the beer was discovered subsequent to the return of the indictment. In the state of the record, the opinion is expressed that we would not be warranted in holding that the bill of exception manifests reversible error.

A careful examination of all of appellant's contentions leads us to the conclusion that reversible error is not presented.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In his motion for rehearing appellant urges that we should not have considered the qualification to bill of exception number one, claiming that such qualification was excepted to. The record shows that following the qualification in question, and below the signature of the trial judge, there appears this notation on the bill of exception over the signature of counsel for appellant: "Defendant excepts to the foregoing qualification of this bill of exception for the reason that the court's main charge, paragraph No. 4, allows the jury to consider such testimony for impeachment purposes."

Such notation does not serve as an exception to the qualification. The exception must be authenticated by the trial judge. Nicholson v. State, 107 Texas Crim. Rep., 631, 298 S. W., 436; Serna v. State, 110 Texas Crim. Rep., 220, 7 S. W. (2d) 543; Barnett v. State, 43 S. W. (2d) 449.

Appellant also predicates his motion on the statement that the court permitted the State to prove over objection that he had three years before been indicted for some violation of the

liquor law. We find no bill of exception bringing such complaint forward. We observe that appellant testified in his own behalf, and the fact of his former indictment was developed on cross examination, and the court properly limited it to determining appellant's credibility.

The motion for rehearing is overruled.

*Overruled.*