### ROY WILLS V. THE STATE.

No. 17004.   Delivered December 12, 1934.
Reported in 77 S. W. (2d) 875.

432

The opinion states the case.

E. A. Bills, of Littlefield, for appellant.

Lloyd W. Davidson, State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Appellant was convicted for the theft of two tons of maize heads of the value of $28; punishment being assessed at sixty days imprisonment in the county jail.

When the case was called for trial appellant filed a motion seeking to postpone the case two days, calling the court's attention to the fact that the information had been filed the same day the case was called for trial. The court overruled the motion. We find no formal bill of exception complaining of this action of the court, and there does not appear in the record before us any order regarding the matter which was carried into the court minutes. There is in the transcript a copy of appellant's motion to postpone, signed by his attorney, and immediately thereunder an indorsement of the trial judge marking the same "refused." Following that is this statement: "* * * the court having overruled the motion to postpone this cause because of the filing of the information on this day, the defendant in open court excepts to the ruling of the court." This memorandum is not signed by the judge but only by the attorney for appellant. If the reservation of exception to the court's ruling had been authenticated by the trial judge the record might have been in a condition where this court could have reviewed the refusal of postponement. As it appears here there is no reservation of exception authenticated by the trial judge, hence the point is not properly before us. See the following authorities. Nicholson v. State, 107 Texas Crim. Rep., 631, 298 S. W., 436; Serna v. State, 110 Texas Crim. Rep., 220, 7 S. W. (2d) 543; Barnett v. State, 43 S. W. (2d) 449; Brown v. State, 70 S. W. (2d) 712.

We deem it unnecessary to make an extended statement of

the facts. About two tons of maize heads were stolen from the farm of C. T. Logsden and taken away in a truck. The State's evidence shows that appellant was in the vicinity of the farm immediately before the theft in the same truck in which the maize was later found. Appellant's defense was that of an alibi. The trial judge did not submit the issue of alibi to the jury and such omission was called to the court's attention by objections to the charge, but no special charge upon the subject was requested. It has been the consistent holding of this court in misdemeanor cases that in order to present for review complaints directed at the charge of the court objections to supposed defects therein must be pointed out by exceptions thereto, and also that special charges must be requested correcting the supposed errors in the charge. Basquez v. State, 56 Texas Crim. Rep., 329, 119 S. W., 861; Woods v. State, 75 S. W., 37; Parroccini v. State, 90 Texas Crim. Rep., 320, 234 S. W., 671. Many other authorities will be found in note 4, under art. 662, Vernon's Ann. Tex. C. C. P., vol. 2. A modification of such holding is found in Jones v. State, 20 S. W. (2d) 1067, in which it is held that if there is an entire omission in a misdemeanor case to charge on an issue raised by the evidence the point may be preserved for review by a special charge upon the subject timely requested, even though the court's charge be not excepted to for such omission. Such holding in the Jones case is apparently predicated on article 662, C. C. P. (1925) which reads as follows: "The court is not required to charge the jury in a misdemeanor case, except at the request of counsel on either side. When so requested he shall give or refuse such charges, with or without modification, as are asked in writing."

In the present case there is objection to the court's charge by reason of omission therefrom of an instruction on the subject of alibi, but the point is not properly preserved in the absence of a special charge. The rule regarding the matter is not the same in misdemeanor cases as in felony prosecutions.

The court undertook to charge upon circumstantial evidence. Among the objections urged in writing was a criticism of the instruction on circumstantial evidence, but no special charge was requested correcting that given. Thus, the same defect appears in undertaking to preserve the point as occurs with reference to the omission to charge on the subject of alibi.

Finding no errors which are properly brought before this court for review it becomes the duty of the court to affirm the judgment, which is accordingly done.

*Affirmed.*