GEORGE W. REDSTON v. THE STATE.

No. 19042. Delivered June 2, 1937.
Rehearing Denied June 23, 1937.

The opinion states the case.

*Eddie Roark* and *Jimmie MacNicoll,* both of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for murder, punishment assessed being five years in the penitentiary.

The name of deceased was A. B. Farrow. He was part proprietor of a place in Dallas known as the "Nite Spot." Holland Farrow, a brother of deceased, was also interested in the business. On the night of the homicide another brother; Herschel Farrow, was also present, as was Cox, who had some connection with the business. On the night of August 4, 1936, appellant was in the "Nite Spot" about two-thirty o'clock and became involved in some trouble with an unknown person sitting at a nearby table and slapped said person several times. The State's evidence shows the facts as follows: At the time appellant slapped the unknown person the three Farrows and Cox were sitting at a table in the rear of the place. Holland Farrow and Cox went to appellant and escorted him out of the place. No violence was used by them. Deceased and Herschel remained seated at the table. Within a minute or two

after being put out appellant appeared again at the door and called "Farrow" two or three times. Deceased went to the door and as he was in the act of opening it appellant shot him, killing him almost instantly. State's witnesses all assert that deceased was unarmed and was making no offensive demonstration of any kind. Appellant's evidence was to the effect that three or four persons were engaged in putting him out of the house, deceased being one of them; that he was struck on the head several times with some hard instrument, and that after getting him outside deceased drew a pistol, at which time appellant shot in self-defense.

The controverted issues of fact were submitted in appropriate instructions to the jury whose findings upon conflicting evidence is binding on this court.

No objections were urged to the court's charge and three special requested charges were all given.

There are four bills of exception in the record, all of them bearing qualifications of the trial judge in connection with his approval. Following the qualifications and after the signature of the trial judge on each bill is a statement over the signature of one of appellant's attorneys to the effect that the qualifications were excepted to. If any such exception was made known to the trial judge there is no verification or certificate to that effect over the trial judge's signature. In the following cases and many others it is held that a notation of appellant's attorney written below the judge's signature authenticating a bill and his qualification thereto is insufficient as an exception to such qualification, since such exception, like any other, must be verified by the trial court. Nicholson v. State, 107 Texas Crim. Rep., 631, 298 S. W., 436; Serna v. State, 110 Texas Crim. Rep., 220, 7 S. W. (2d) 543; Barnett v. State, 119 Texas Crim. Rep., 594, 43 S. W. (2d) 449; Brown v. State, 126 Texas Crim. Rep., 239, 70 S. W. (2d) 712; Wills v. State, 127 Texas Crim. Rep., 431, 77 S. W. (2d) 875; Texas Jur., Vol. 4, p. 28, Sec. 195.

It follows that the qualifications must be considered in connection with the bills. Each of them has been examined in detail and the qualification to each is borne out by the statement of facts. When taken in connection with the qualifications and the statement of facts none of the bills present error. We regard it as unnecessary to discuss any of them at length.

The judgment is affirmed.

*Affirmed.*

## ON APPELLANT'S MOTION FOR REHEARING.

CHRISTIAN, JUDGE.—In connection with his motion for rehearing appellant presents photostatic copies of the original bills of exception, in which it is shown that above the qualifications appended to said bills by the trial judge one of counsel for appellant noted his exceptions. We pretermit discussion of the question whether the exceptions, as shown in the photostatic copies, were properly authenticated.

A re-examination of the record discloses that the time for filing the bills of exception expired December 15, 1936. It is shown in the transcript that said bills were filed on the date mentioned. However, the affidavit of the assistant district attorney representing the State in the trial of said cause is to the effect that said bills were not approved and filed until after December 23, 1936. The affidavit of the clerk of the court is to the effect that the bills were filed on the 15th of December, 1936, by appellant's counsel and thereafter delivered to the trial judge, who retained them about ten days, after which time they were returned to the clerk "with approval and qualifications thereon." We quote from the affidavit as follows: "At the time said bills were tendered to me for filing I did not inspect same as to qualifications and am in no position to say whether said approval and qualifications were made after filing date or otherwise." No controverting affidavits appear. Nothing appears to show diligence on the part of appellant or his counsel to have the bills approved and filed prior to the expiration of the time allowed. The filing of said bills prior to the time they were approved by the trial judge was unauthorized; and, under the circumstances, we are constrained to hold that they are not entitled to consideration.

The motion for rehearing is overruled.

*Overruled.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.