## Oscar Lee v. The State.

No. 19975.  Delivered November 30, 1938.
Rehearing Denied February 1, 1939.

The opinion states the case.

*Ramey A. Smith,* of Sulphur Springs, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, JUDGE.—Appellant was tried for and convicted of having in his possession liquor, to-wit: whisky, upon which there was due a tax to the State of Texas, and there was not affixed to the container of said whisky a stamp showing the payment of such tax, and the punishment assessed at a fine of $100.00 and six months in jail.

We have examined the complaint and information, and they appear regular and seem to charge an offense against the laws of the State. The statement of facts seems to disclose that appellant was in possession of whisky to the container of which there had not been any stamps affixed showing the payment of any tax, thus rendering the facts sufficient upon which to predicate the verdict of the jury.

Appellant's bills of exception do not show in the record to have been filed in the lower court, there being an entire absence of any such showing on all such bills. Hence they can not be considered by us.

The charge being sufficient, and the facts being sufficient, this judgment is affirmed.

### ON MOTION FOR REHEARING.

GRAVES, JUDGE.—This case has been heretofore affirmed by us in an opinion in which the bills of exception did not show to

have been filed in the lower court. We are now furnished with a supplemental transcript showing such bills to have been properly filed, and we will proceed to consider same.

We note that the statement of facts herein was prepared by the trial judge on account of the inability of attorneys for the State and appellant to agree thereon, and we also note that the appellant's attorney excepted to every qualification placed on each bill of exceptions appearing in the record, and also that he excepted to the refusal of his bills Nos. 14 and 15 by the trial judge.

In all of such bills it is to be noted that the exception to the trial court's qualification appears below the court's signature. The exception thereto is therefore not properly certified. See Prince v. State, 298 S. W. Rep. 433, 107 Texas Crim. Rep. 635; Nicholson v. State, 298 S. W. Rep. 436, 107 Texas Crim. Rep. 631; Knauf v. State, 2 S. W. (2d) 229, 108 Texas Crim. Rep. 590. The appellate court will not consider objections taken to court's qualification of bills of exception in absence of certificate of court below to that fact, but will consider the bills as qualified. Dixon v. State, 4 S. W. (2d) 64, 109 Texas Crim. Rep. 209. For many other cases collated see Texas Digest, Vol. 13, p. 605 et seq.

We shall therefore proceed to consider such bills with their qualifications. Bill No. 1 complains because the trial court refused to place the witnesses Rippey and Baker under the rule and thus exclude them from the courtroom during the trial of the case. The court's qualification thereto states that he needed these officers to wait upon the court, as the sheriff and other officers were away on official business. There was no injury alleged nor shown by these officers being allowed to wait upon the court in the absence of the sheriff and his deputies, and we see no error therein.

Bill of exceptions No. 2 complains of the fact that the liquor inspector Rippey testified that half-gallon jars were not legal containers for whisky to which there could be affixed State revenue stamps, the objection thereto being that same was immaterial, irrelevant, prejudicial and not the law. To the same effect is bill No. 3, except that such bill relates to the testimony of Dan Baker, who was also a State liquor inspector, the objection embodied in bill No. 3 being that such testimony was a conclusion of the witness, hearsay, immaterial, irrelevant and inflammatory.

The testimony shows that these officers had procured a search warrant for the purpose of searching appellant's place of busi-

ness where it seemed he was conducting a filling station. While approaching such station they perceived the appellant, some distance therefrom, pick up out of the grass a half gallon fruit jar containing some kind of liquid and carry the same to his filling station. The officers approached the place where appellant had picked up this jar and concealed themselves. They waited awhile and again saw appellant come to the place where he had obtained the fruit jar, and saw him pick up two more fruit jars out of the grass. They started after appellant and were about ten steps from him when he broke the fruit jars by throwing them on the ground. They saved some of the liquid, however, and testified that this was "white mule" corn whisky.

While the remarks of the witnesses were probably a conclusion, under the uncontradicted facts these containers did not have a stamp affixed thereto, and we find no contention in the record that they ever had such stamps thereon, and we do not see how such testimony could have injuriously affected the appellant in the trial of this cause, and we, therefore, overrule bills of exception Nos. 2 and 3.

Bills of exception Nos. 6 and 7 refer to the introduction of a search warrant before the court authorizing a search of the filling station of appellant. We dispose of them by saying that such warrant was never used, the officers having arrested appellant with the two broken fruit jars in his possession some three hundred yards away from his station in another person's pasture, where evidently such liquor was hidden, and we see no error reflected therein.

Bill of exceptions No. 9 complains of a character witness for appellant who had testified as to appellant's general reputation for truth and veracity, who upon his cross-examination, according to said bill, was asked what appellant sold at his filling station. The witness answered that he sold gasoline, kerosene and some canned goods. He was then asked what else he sold except gasoline, kerosene and canned goods, and the witness answered that he had heard the defendant sold whisky out there. However the trial court's qualification thereto says that "such statement of the witness Simpson was a voluntary statement on his part and the question was not asked by State's attorney at all, and that as soon as defendant's witness Simpson made the voluntary statement that he had heard the defendant had sold whisky, then the State objected to his voluntary statement and asked the court to exclude same, and the court instructed the jury not to consider same." Under the condition this bill is in we accept the court's qualification as reflecting

the true facts therein, and as there shown we are constrained to hold that no error is reflected therein. It would be a dangerous doctrine to lay down should we say that a voluntary statement of a defendant's witness, not called for by the State's questioning, could under no circumstances be controlled by the court's instruction relative thereto. Under the facts of the present case we do not regard the voluntary statement complained of to be of such character as could not be withdrawn by the court's instruction. This bill will be overruled.

Bill of exceptions No. 13 seems to be without merit, and is overruled.

Bills of exception Nos. 14 and 15, in one instrument, relate to a purported argument of the special prosecutor, Mr. Pharr. The trial court refused such bill with the notation thereon as follows: "This bill is refused because Mr. Pharr did not make the above quoted statement or anything similar to it." Under these circumstances appellant has no bill at all; had he desired to present this matter to this court he should have presented the same in a bystanders' bill, were he able to do so. As the record now stands, we have naught to consider.

We do not think any serious error that should result in a reversal of this case has been shown, and the motion for rehearing is overruled.