PETE DURAN V. THE STATE.

No. 22243. Delivered October 28, 1942.

The opinion states the case.

*H. A. Cline,* of Wharton, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is murder. The punishment is confinement in the State penitentiary for a term of eight years.

The State's theory was that the homicide was a deliberate killing. Appellant's theory was that he acted in self-defense.

The record shows that on the 8th day of May, 1941, between the hours of 7:00 and 8:00 P. M., appellant's wife, accompanied by her little son, Hilbert, drove to the home of the deceased in an automobile and stopped near the edge of the house. The deceased, who was sitting on his porch at the time, went to the car and talked to her; that while he was standing at the car talking to Mrs. Duran, the appellant came and immediately drew his pistol and began to shoot at the deceased. One of the shots took effect which resulted in the death of the deceased.

Appellant's version of the unfortunate affair is that the deceased had been too intimate with his (appellant's) wife; that he had theretofore asked deceased to leave his wife alone but the request was ignored; that on the night in question he saw the deceased standing beside the automobile in which his wife was sitting; that the deceased had his arm around her; that when the deceased saw him approaching he (deceased) ran his hand into his pocket and started toward appellant; that as a result of the deceased's acts and conduct he apprehended danger to himself, whereupon he shot the deceased in self-defense.

From the foregoing brief statement of the evidence, it will be noted that an issue of fact was raised which the jury decided adversely to him.

There appears but one bill of exception in the record, which complains of certain remarks of the District Attorney in his argument to the jury. This bill is qualified by the trial court who certifies that no objection was made to any argument; that the first time he heard of any complaint relative to the argument was in the appellant's motion for new trial some two days after the trial was concluded. Appellant attempted to except to the qualification which is evidenced by a separate document filed with the clerk but is not authenticated by the court. Under the facts as thus disclosed the exception, not being authenticated, the bill must be appraised in the light of the qualification; and when so appraised it fails to show that an objection was made to the argument complained of. This being true, no error is reflected by the bill. See 4 Tex. Jur. p. 280, sec. 195; Redston v. State, 133 Tex. Cr. R. 10, 106 S. W. (2d) 678; Seibert v. State, 132 Tex. Cr. R. 118; Lee v. State, 136 Tex. Cr. R. 179; Heidle v. State, 129 Tex. Cr. R. 201, 86 S. W. (2d) 641. However, if an objection had been interposed to the argument at the time it was made, it would have been of no avail to the appellant because the argument complained of related to appellant's failure to place his wife, who was present at the scene of the homicide, on the witness stand. This argument was permissible. See Smith v. State, 90 Tex. Cr. R. 24, 232 S. W. 497.

Finding no reversible error in the record, the judgment of the trial court is in all things affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.