## PAT MITCHELL V. STATE.

No. 24159. November 10, 1948.

Hon. Wiley Caffey, Judge Presiding.

No attorney of record on appeal for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted in the County Court of Taylor County of driving a motor vehicle while intoxicated, and by the jury assessed a fine of $100.00, and he appeals.

There are two bills of exception in the record. Bill No. 1

complains of the fact that upon the call of this case, there were but ten jurors present in the panel. Thereupon the trial court ordered the sheriff to go out and pick up talesmen in order to fill the jury panel of twelve men. Appellant objected to such a procedure on the ground that Taylor County was under the jury wheel system, and he requested the court to draw such additional jurors from the jury wheel. This the trial court refused to do. The trial court should have taken the names of the additional jurors from the wheel. See Steadman v. State, 206 S. W. (2d) 597. However, appellant's bill is defective in that it is not shown that any of the jurors brought in as talesmen were selected on the jury which tried the appellant. In the absence of such a showing, no injury is apparent in such bill.

Again, in Bill No. 2 complaint is made because it is claimed that at the time the sheriff was ordered by the court to bring in the extra jurors, he was not sworn by the court as provided by Article 2119, Vernon's Ann. Tex. Civil Statutes. The same defect appears in this bill as is present in Bill No. 1, in that it is not shown that any of such extra jurors were taken on the jury trying the appellant. Furthermore, this bill merely shows that the sheriff was not sworn at the time he was ordered to obtain these two extra jurors. This is not a sufficient showing that he was not sworn at some other time during the present term of court. Such should have been shown, if true.

In the case of Knight v. State, 87 Tex. Cr. R. 134, 220 S. W. 333, it was held:

"If the officers were sworn in the beginning of the term, it would not be necessary to repeat the oath each time talesmen were summoned. To make a sufficient showing, this bill would have to go further, and make it appear that the officers had not been sworn during the term, and anterior to this trial."

See Habel v. State, 28 Tex. App. 588, 13 S. W. 1001; Deon v. State, 37 Tex. Cr. R. 506, 40 S. W. 266.

No error being shown, the judgment will be affirmed.