### Andrew Williams v. The State.

No. 5944.   Decided November 24, 1920.

**1.—Rape—Force—Consent—Female Under Age of Consent.**

Where, upon trial of rape upon a female under the age of consent, the evidence showed that the female gave her consent to the act of sexual intercourse, and no force was used, this was no defense.

2.—Same—Evidence—Witness—Delinquent Child—Perjury of Minors.

Where, upon trial of rape upon a female under the age of consent, both she and the State's female witnesses were all under the age of eighteen years, and defendant contended that therefore they could not be punished for perjury under an indictment for perjury, but would be sent to the juvenile training school for delinquent children and were therefore not competent witnesses. Held, that this contention is untenable, and the rule of law now is that all children of any age who testify may be subject to the pains and penalties of perjury if they have sufficient intelligence to know right from wrong; and the law with reference to delinquent children would not change the character of the offense but simply change the place of punishment and the mode of trial. Following Moore v. State, 49 Texas Crim. Rep., 450. Distinguishing Frazier v. State, 84 S. W. Rep., 360.

°3.—Same—Sufficiency of the Evidence.

Where, upon trial of rape upon a female under the age of consent, the evidence sustained the conviction, there was no reversible error

4.—Same—Rehearing—Leading Question—Case Stated—Bill of Exceptions.

Where, upon trial of rape upon a female under the age of consent, the defendant complained in his motion for rehearing on appeal that the court below permitted a leading question to a State's witness, that the witness was neither unwilling nor unfriendly, but this last proposition was not certified by the court, and the question in the instant case was not a leading question under the surrounding facts, there was no reversible error: besides, the bill did not affirmatively exclude the idea that, under the particular circumstances of the instant case, the court was justified in permitting the question; there was no reversible error.

5.—Same—Sufficiency of the Evidence—Case Stated.

Where, upon trial of rape upon a female under the age of consent, the conviction was sustained by the evidence although the facts were very peculiar and unusual, inasmuch as that the occurrence happened before other eyewitnesses, yet it having been proved to the satisfaction of the jury, their verdict will not be disturbed.

Appeal from the District Court of Wharton. Tried below before the Honorable M. S. Munson.

Appeal from a conviction of rape upon a female under the age of consent; penalty, five years' imprisonment in the penitentiary.

The opinion states the case.

*Chas. C. Ingram,* for appellant.—On proposition of leading question: Davis v. State, 43 Texas, 190; Wright v. State, 10 Texas Crim. App., 480; Ripley v. State, 100 S. W. Rep., 943; Brown v. State, 109 id., 188; Godsoe v. State, 108 id., 388.

*Alvin M. Owsley,* Assistant Attorney General, for the State.—On question of competent witness: Ex parte Warren, 31 Texas, 143; Anderson v. State, 53 Texas Crim. Rep., 341; Douglass v. State, 73 id., 385.

DAVIDSON, Presiding Judge.—Appellant was convicted of rape upon a girl between thirteen and fourteen years of age.

The facts, to say the least of it, are peculiar. The house where the offense occurred consisted of two rooms and a small kitchen. There seems to have been about four girls, all under eighteen years of age, present, the prosecutrix being one of them. Appellant was related to some or all of them. As they express it, he was about third cousin. He was in one of the rooms lying on a cot. Prosecutrix laid down by him. Shortly after she did so appellant made a request for carnal favors, which she said was all right. She pulled up her dress and prepared herself to receive his attention. He promptly complied, and, according to her testimony, went through a complete act of carnal intercourse. The other girls were present and witnessed the whole matter. They describe it in detail, differing some what, but all agree that he was on top of the prosecutrix. After this occurred, some of the witnesses testified that he got up, washed his hands, and others disagree as to this fact. He remained and took the evening meal and went away. The old grandmother was not present but "down on the river washing." Under the testimony the act seems to have been performed under the peculiar circumstances of having eyewitnesses. But for the question of age this could not be rape, but the girl being under eighteen years of age, even with the consent of the girl, appellant violated the law and would be guilty.

When prosecutrix was offered as a witnesses she was put through a *voir dire* examination as to her competency and qualification to testify from the standpoint of intelligence. This quotation is made from the bill: "I do not understand what is meant by swearing to testify—by taking an oath to testify—when I hold up my hand and swear that I will tell the truth, the whole truth and nothing but the truth so help me God. I don't know whether that obligates me to tell the truth or not. I know that it is wrong to tell a story whether I swear to it or not. I don't know whether there would be any punishment for me in the future if I swore to a falsehood or story. I don't know what I think about it." Objection was urged that this did not qualify her as a witness; in other words, it showed she was incompetent to testify. The court signs the bill with this qualification: "That the court found that the witness was intelligent for a negro girl, and as competent as any ordinary witness even above the age of twenty-one years, and from her manner of testifying the court was satisfied that she fully understood the difference between right and wrong, that it was wrong to swear falsely, and that she was competent to testify." As qualified the bill was accepted by appellant. An examination of the record would disclose a much more extended examination of the prosecutrix than is shown by the bill, but in any event we are of opinion that as qualified by the court and accepted by appellant the court was not in error in permitting her to testify

in the case. Her evidence in detailing the transaction as it occurred, generally and in detail, shows with sufficient certainty and definiteness that she could give a detailed account and rather an intelligent account of the whole matter.

There are other bills of exception reserved not only to the prosecutrix testifying but to the other girls, because they were all under the age of eighteen years and could not be punished for perjury, under an indictment for perjury, but would be sent to the juvenile training school for delinquents under Chapter 26 of the Fourth Called Session of the Thirty-fifth Legislature. That Act provides where the girl is under eighteen years of age and is charged with a violation of the law, she may be sent to the juvenile reformatory and training school. This depends upon either the option of the delinquent in choosing to be prosecuted as a delinquent instead of for a violation of the law for which she would otherwise be punished, or this option may be suggested to the court by other parties. The theory of the defense was that because she might not be punished for perjury and could not unless she desired so to be, and if not she would not be subject to the pains and penalties for perjury as required by the Constitution in taking the oath as a witness. Article 1, Section 5, of the Constitution provides that all oaths or affirmations shall be administered under the pains and penalties of perjury. The Legislature under Article 34 P. C., provided that no child under the age of nine years could be punished for any offense, and where they were between the age of nine and thirteen the burden of proof was upon the State to show that they were responsible and subject to punishment. In Frazier v. State, 84 S. W. Rep., 360, this court held that a child under nine years of age could not be punished for perjury. This led the Legislature to amend that article, and it now provides that no person shall in any event be convicted of any offense before he is of the age of nine, except perjury, and for that only when it shall appear by proof that he had sufficient discretion to understand the nature and obligation of an oath, etc. That article was amended as thus it reads to meet the decision of Frazier v. State, *supra*. The same question came before this court under the amendment of Article 34, *supra*, in Moore v. State, 49 Texas Crim. Rep., 450. It was there held that, the old article being repealed by the amended article, it was no longer of binding force and effect, and the rule now is that all children of any age who testify may be subject to the pains and penalties of perjury, provided they have sufficient intelligence to know right from wrong as to the particular act in giving their testimony. This would not relieve prosecutrix of conviction for perjury under an indictment charging that offense, unless she did in some manner claim the exemption under the delinquent child act. If that was set up, then the court would dismiss the case of perjury and try her under the Act of the Fourth Called Session of the Legislature, *supra*. It would be as much a violation of the law in one case as in the other. The facts

would be the same and the perjury the same, but under the delinquent child act she would be entitled to be sent to the reformatory instead of the penitentiary. It changed the manner of enforcing the law, but does not change the crime nor the necessary facts. It changes the manner of trying it and the manner of charging it, but the offense would be the same so far as the act of the child in testifying is concerned. It does not relieve her of punishment, but changes the place of punishment and the mode of trial. What is said with reference to prosecutrix may be said also with reference to the other witnesses, all being under the age of eighteen years, and all girls.

While the facts are peculiar and unusual, still the evidence we think is sufficient, and the judgment will be affirmed.

*Affirmed.*

### ON REHEARING.

### November 24, 1920.

DAVIDSON, Presiding Judge.—The judgment herein was affirmed on a previous day of the term, and appellant has filed a motion for rehearing contending that this court was in error in not reversing the judgment on account of the court below permitting a leading question asked a witness, and because we held that the witness, although under age and could be tried as juveniles, should be permitted to testify. The error alleged is based on the theory that she could not, therefore, be punished for perjury because it would leave optional with the witness whether she would be tried for felony or misdemeanor as juvenile. On the latter question we still think the opinion was correct with reference to the fact that the witnesses would be subject to conviction for perjury.

The other question raised was not discussed in the original opinion, as we recall it, but as appellant insists upon it, it will be noticed. The bill recites that while the prosecuting witness was testifying the district attorney asked her the following question: "Did or did not Andrew (meaning the defendant) put his privates into your privates—did he or not get his thing in your thing?" The objection was that it was leading, and further that the witness was neither an unwilling nor an unfriendly witness The witness answered in the affirmative. So far as the second prosposition is concerned, that the witness was neither unwilling nor unfriendly, was certified simply as a ground of objection and not as a fact. If such was the case it should have been stated in the bill of exceptions as a fact that she was neither an unwilling nor an unfriendly witness; but we take it that would make no difference so far as a disposition of the case is concerned. The question finally turned upon and seems to be the one relied upon by appellant, that the question was leading. There are a great many authorities to the effect that a leading question is

one which may be answered in the affirmative or negative, and which suggests the desired answer in a matter material to the issue. This is supported by quite a number of cases collated by Mr. Branch in his Annotated P. C., p. 90, Sec. 157. We simply refer to the cases there listed without here enumerating them. It is also stated as a rule, supported by many authorities,.that if the question asked does not suggest the answer desired it is not leading. There is a list of these cases cited in the same note by Mr. Branch  He begins these cita- tions with Coats v. State, 2 Texas Crim. App., and cites a great num- ber. It is also laid down by the court as a proposition, supported by a great number of opinions, that permitting leading questions will not be reversible in the absence of showing prejudice thereby. A great number of these cases will be found cited by Mr. Branch in the same note, _supra_.

We do not understand that this was a leading question in the sense in which the authorities mention. This question is put in the alter- native "did or did not" the matter happen. It did not suggest to the witness what the desired answer was. It could have been an- swered in the negative or in the affirmative  If the statement of facts is examined, it will be found that this witness fully detailed all the circumstances with reference to the transaction between her- self·and defendant. This was sufficiently stated in the original opin- ion. She testified that she laid down by him and at his request she complied and the intercourse occurred. She told fully all the facts pertaining to it. But looking at it from another viewpoint, this bill is not sufficient to present the question. The rule is well sustained that where the bill of exceptions is taken because of a leading ques- tion, it must affirmatively exclude any idea that under the peculiar circumstances of the particular case the court was justified in per- mitting the State to ask leading questions, and if it does not no error is shown. Cases supporting this proposition are found collated by Mr. Branch in his work, _supra_, in Sec. 159. This bill does not under- take, as we understand it, to meet this rule. It does not affirmatively exclude the idea that the court was not justified in permitting the question asked, even if it was a leading question. It is true the bill states that counsel objected to the question as being leading, but the .question as stated speaks for itself. It does not exclude the idea but what under all the circumstances it was proper to ask the question, even had it been leading. The mere statement that the witness was neither an unwilling or an unfriendly witness is stated as a ground of objection and not as a matter of fact. As we understand the ques- tion from the facts there could have been no prejudice to appellant by asking the question and receiving the answer, because the girl gave a full detail of the transaction. She testified fully to the facts as did the other eyewitnesses, that the transaction occurred between the girl and appellant, except the other witnesses did not swear nor did they state that the private parts of prosecutrix was entered, but they

testified to the fact that the act of intercourse occurred under such circumstances as such things usually occur. This is an unusual case it may be conceded and a very remarkable one to the mind of the writer. That an act of this sort should have occurred in a room in broad daylight in the presence of three or four other girls besides prosecutrix is out of the usual. As a rule the parties to sexual intercourse do not take eyewitnesses along to view the performance, but here the act occurred in a room where a lot of girls were eyewitnesses. They at least so testified. The defendant introduced no evidence, and himself did not take the witness stand to contradict it. Therefore, we take it that the jury was justified in believing the occurrence happened. The prosecutrix testified fully to it, and the eyewitnesses corroborated her statement. It was proved to the satisfaction of the jury, and we would not therefore feel justified in reversing the judgment.

The motion for rehearing will, therefore, be overruled.

*Overruled.*