# FRANK B. SANTILLIAN V. THE STATE.

No. 22773. Delivered June 14, 1944.
Rehearing Denied October 25, 1944.

The opinion states the case.

*C. E. Smith*, of Houston, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The conviction was for the sale of marijuana with a punishment of five years in the state penitentiary.

The indictment alleges that appellant sold marijuana, a narcotic drug, to Tony Ramirez, who became the chief prosecuting witness in the case. This witness was fifteen years of age and his testimony appears to be necessary to sustain the conviction.

It is contended that, under Chapter 204, Acts of the 48th Legislature (Art. 2338-1, Vernon's Ann. Civ. St.), known as the Delinquent Child Act, and by virtue of Section 5 of Article 1, Constitution of Texas, Ramirez was not qualified to give evidence. Section 5 of Article 1 of the Constitution reads as follows: "No person shall be disqualified to give evidence in any of the Courts of this State on account of his religious opinions, or for the want of any religious belief, but all oaths or affirmations shall be administered in the mode most binding upon the conscience, and shall be taken subject to the pains and penalties of perjury."

If the Act referred to is subject to the construction that boys over the age of ten and under the age of seventeen years and girls over the age of ten and under the age of eighteen years cannot be punished for crime, then it would naturally follow that they do not take an oath "subject to the pains and penalties of perjury." Freasier v. State, 84 S. W. 360. In that event, the contention would have to be sustained. Consequently, a construction of the Act, so far as the question before us is concerned, will be necessary to a proper disposition of the case.

The Delinquent Child Act, as passed by the 48th Legislature, had as its purpose a change in the method of handling delinquent children, from criminal procedure to civil procedure. It establishes a juvenile court in every county and provides procedure for the trial of delinquent children in such courts, with authority to appoint guardians for them. It specifically repeals Articles 1083 to 1093, inclusive, of the Code of Criminal Procedure, and Articles 2329 and 2338, Revised Civil Statutes of 1925, together with "all laws and parts of laws in conflict herewith * * *." It sets up a new procedure in which all appeals are to the Court of Civil Appeals and the Supreme Court instead of to the Court of Criminal Appeals.

There is no attack on the constitutionality of any phase of this Act in the instant case and we disclaim any intention to consider that question.

The opinion in re Dendy, et al, 175 S. W. (2d) 297, by Chief Justice Pitts of the Court of Civil Appeals in Amarillo, is relied upon in appellant's brief which seeks such a construction as would determine that (a) the provisions of the Delinquent Child Act are not for punishment but for custodial protection of the child for its own good and for the good of society generally; (b) the procedure takes out of the Code of Criminal Procedure and Penal Code any handling of juveniles and therefore a juvenile committing perjury is not amenable to or subject to any criminal prosecution and consequently not a qualified witness under Section 5 of Article 1 of the Constitution.

It will be conceded that one who is not amenable to punishment for perjury is not a competent witness and cannot be made so by act of the legislature. If we are to give the construction to the Act in question for which appellant contends, this case must be reversed, with the result that boys over ten and under seventeen years of age and girls over ten and under eighteen years of age cannot legally give evidence in any kind or character of court procedure. The effect of such a holding would do no less than utterly destroy our system of law enforcement. It would result in a virtual license to prey upon minors of that age. who would be helpless to come into court and defend their rights or those of the public, in the enforcement of the criminal laws. The officers would be helpless in the enforcement of laws relating to many of the most heinous crimes (see Fields v. State, 22866, this day decided). (Page 540 of this volume). Children of the juvenile age, as thus defined, could not protect their civil rights in the courts and it appears that a law which may be so construed would be in contravention of Section 1, Article 14, of the Constitution of the United States, which forbids any State from passing a law which will deny to any person within its jurisdiction the equal protection of the laws. One who cannot testify in his own behalf is not equally protected in law with those who can. That the Act did not intend to repeal the penal laws relating to the age of children, under discussion, is evidenced by the definition of "delinquent child" under Section 3 of the Act which, among other things, includes those "who violate any penal law of this state of the grade of felony"; who violate any penal code of the grade of misdemeanor where the punishment may be by confinement in jail; who habitually violate other penal laws and ordinances, etc.

Appellant has forcefully presented an argument in favor of his contention based upon the further proposition that, under the holding of the Court of Civil Appeals in the Dendy case, one is not punished who is subject to any of the provisions of the Act under discussion, even though he be committed to some institution, public or private, and confined there by order of the court until he is twenty-one years of age. The question of whether or not such confinement is punishment as contemplated by the Constitution and laws of our State was discussed in Williams v. State, 225 S. W. 173, under the former juvenile law, from which we quote a discussion of the same subject, as follows:

"This would not relieve prosecutrix of conviction for perjury under an indictment charging that offense, unless she did in some manner claim the exemption under the delinquent child act. If that was set up, then the court would dismiss the case of perjury and try her under the Acts of the Fourth Called Session of the Legislature, supra. It would be as much a violation of the law in one case as in the other. The facts would be the same and the perjury the same, but under the delinquent child act she would be entitled to be sent to the reformatory instead of the penitentiary. It changed the manner of enforcing the law, but does not change the crime nor the necessary facts. It changes the manner of trying it and the manner of charging it, but the offense would be the same so far as the act of the child in testifying is concerned. It does not relieve her of punishment, but changes the place of punishment and the mode of trial."

And so we are reminded: "I cannot say the crow is white, But needs must call a spade a spade." In all probability the boy or girl who is committed to some institution or otherwise taken in custody under the provisions of the act because of a violation of a criminal law feels that he is being punished.

It is further presented that the procedure is in guardianship and that no child shall "be charged with or convicted of a crime in any court." Contrary to this, jurisdiction is lodged in both district and county courts under Section 4 of the Act, whereas the Constitution places exclusive original jurisdiction of all probate matters in the county court. Thus is recognized the criminal nature of the proceeding, further aiding our conclusion that the "commitment" issued by the juvenile court fixes and determines punishment for crime whether it is so designated or not and the provisions of our Constitution restricting testimony to those who are amenable to punishment for perjury appears to have been fully met.

A paradox further appears in that we can now punish a child under ten years of age for perjury but cannot proceed against one over that age and under seventeen, in the case of a boy, or eighteen in the case of a girl. Appellant would concede, as the courts have often held in both civil and criminal cases, that children under ten may testify provided the trial judge finds it, in his judgment, to be sufficiently intelligent and able to understand and appreciate the obligation of an oath. Under the contention of appellant, the Act could go no further than to result in a disqualification of those between the ages of ten and seventeen and eighteen, respectively. We cannot conceive of the legislature meaning to bring about such result.

The constitutionality of the Act under consideration (48th Legislature, page 313) is not attacked herein and is specifically not passed upon in this opinion. There may be other discrepancies, peculiarities, or conflicts in said Act than those herein mentioned, and such, if there be, are not passed upon at this time. It is sufficient to say that an examination of the Act reveals no intention on the part of the legislature to free any one from the provisions of the perjury laws. It merely sets up a new procedure, the validity of which is not attacked in the case now before us. Likewise the opinion in the Dendy case cannot be construed to hold that a delinquent child cannot testify. It says he cannot be forced to testify against himself, as is the case in civil procedure. The Supreme Court has approved this holding in an appeal of the same case. Dendy, et al, v. Wilson, et al, 179 S. W. (2d) 269.

Finding no error, the judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING.

'GRAVES, Judge.

Appellant again asserts that we were in error in our original opinion wherein we held that Tony Ramirez, a child 15 years of age, was a proper witness herein. It will be admitted that such child gave damaging testimony against appellant, but appellant contends that under Acts of the 48th Legislature, page 313, et seq., this child was not a legal witness.

The Constitution of the State of Texas, Art. 1, Section 5, provides: "* * * but all oaths or affirmations shall be administered in the mode most binding upon the conscience, and shall be taken subject to the pains and penalties of perjury."

Under this provision, doubtless on account of this court's opinion in the case of Freasier v. State, 84 S. W. 360, Art. 30, P. C. was amended so as to provide for the punishment of any child of any age for the crime of perjury, provided it was shown to have had sufficient discretion to understand the nature and obligation of an oath.

There seems to be a contradiction between some of the provisions of this act of the 48th Legislature, and we are given some trouble in harmonizing them. For instance it is said on page 316, under Section 13 (3):

"No adjudication upon the status of any child in the jurisdiction of the court shall operate to impose any of the civil disabilities ordinarily imposed by conviction, *nor shall any child be deemed a criminal by reason of such adjudication, nor shall such adjudication be deemed a conviction, nor shall any child be charged with or convicted of a crime in any court.*"

We recognize the fact that the act of the 48th Legislature, p. 313, had as its purpose the changing of a jurisdiction over juvenile delinquents, from criminal courts, and lodging the same in the civil courts of this State. We again are familiar with the case of Dendy v. Wilson, 179 S. W. (2d) 269, in which the Supreme Court upheld the validity of that statutory enactment, included therein being the underlined phrase above. We also find mentioned therein the doctrine laid down in Freasier v. State, 84 S. W. (2d) 360, and a recognition of Art. 30, Penal Code, as fixing a punishment for the offense of perjury independent of age, and based merely upon a showing of discretion upon the part of a child, and find no effort made in such act of the 48th Legislature to repeal this special statute.

Under our Constitution, Art. 1, Section 5, no person can testify in any of our courts unless subject to the pains and penalties of perjury. Therefore a child who could never be "convicted of a crime in any court" is not amenable to the pains and penalties of perjury, and therefore could not testify in any court. If such were true, then the result would be to deny to such child the equal protection of the laws, as guaranteed in the 14th Amendment to the Federal Constitution. If the child were hurt in an accident, with no witness save the child, it would have no protection under the law. Again, on the criminal side, in cases of rape under the age of consent, the female could not be heard to testify, she being not punishable under the law of perjury.

We think the legislature had not the intention nor the power to say that no child "shall be charged with or convicted of any crime in any court."

Had they added thereto the phrase "except for perjury," then this court would have no quarrel with such provision, but standing alone, it would deprive such child of its right to be heard in any court in redress of its wrongs.

We think the phrase: "nor shall any child be charged with or convicted of a crime in any court," is violative of the Constitution of Texas and also our Federal Constitution. That same did not repeal Art. 30, P. C., and that the testimony of this juvenile witness was properly received.

So believing, the motion for a rehearing is overruled.