

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

July 14, 1948

Hon. Geo. H. Sheppard      Opinion No. V-633
Comptroller of Public Accounts
Austin, Texas      Re: Authority of County
                       Officers to collect
                       fees in juvenile
                       cases under the
                       stated facts.

Dear Sir:

Your request for an opinion is substantially as follows:

> "Is a District Clerk or any other county officer entitled to his fees under the provisions of Title 15, Chapter 2, V. C.C.P. when a defendant is indicted for a felony offense and later an affidavit is filed setting up the fact that such defendant is a juvenile and such case was transferred to the juvenile docket and tried and disposed of as such?"

Article 2338-1, Section 13, V. C. S., provides, in part, as follows:

> "The Judge may conduct the hearing in an informal manner and may adjourn the hearing from time to time. In the hearing of any case the general public may be excluded. All cases involving children shall be heard separately and apart from the trial of cases against adults.
>
> "If no jury is demanded, the Judge shall proceed with the hearing. When the proceeding is with a jury, the verdict shall state whether the juvenile is a 'delinquent child' within the meaning of this Act, and if the Judge or jury finds that the child is delinquent, or otherwise within the provisions of this Act, the court may by order duly enter-

ed proceed as follows:

"(1) place the child on probation or under supervision in his own home or in the custody of a relative or other fit person, upon such terms as the court shall determine;

"(2) commit the child to a suitable public institution or agency, or to a suitable private institution or agency authorized to care for children; or to place them in suitable family homes or parental homes for an indeterminate period of time, not extending beyond the time the child shall reach the age of twenty-one (21) years;

"(3) make such further disposition as the court may deem to be for the best interest of the child, except as herein otherwise provided.

"No adjudication upon the status of any child in the jurisdiction of the court shall operate to impose any of the civil disabilities ordinarily imposed by conviction, nor shall any child be deemed a criminal by reason of such adjudication, nor shall such adjudication be deemed a conviction, nor shall any child be charged with or convicted of a crime in any court." (Emphasis ours)

Section 21 of the same Article provides that an appeal may be taken by any party aggrieved to the Court of Civil Appeals, and the case may be carried to the Supreme Court by writ of error or upon certificate as in other civil cases.

That a juvenile proceeding is not criminal in nature is clearly evidenced in the holding of the court in the case of Dendy v. Wilson, 142 Tex. 460, 179 S.W. (2d) 269, wherein the court stated:

"This Act does not undertake to convict and punish a child for the commission of a crime . . . The only issue to be de-

termined at the trial is whether the ju-
venile is a 'delinquent child' within the
meaning of the Act.

". . . It has been repeatedly held by
other courts, in construing acts similar to
the one under consideration, that such stat-
utes are not criminal in nature, and where
their purpose is for the education and re-
formation of the minor, and the institution
to which he or she is committed is not penal
in nature, the denial of the right of a jury
trial is not a violation of the Constitution.
o o o

"If the objects of the Act are to be
accomplished, the proceedings thereunder
must necessarily be civil in nature, and
while in some respects the orders or the
judgment of the court may have the charac-
teristics of a judgment in a criminal case,
the customary rules of evidence in civil
cases, developed through long experience
as essential in arriving at the truth with
reasonable certainty, must be followed."

Generally speaking, the statutes prescribing
fees for public officers are strictly construed and a
right to fees may not rest in implication. Binford v.
Robinson, 244 S.W. 807; McCalla v. City of Rockdale, 246
S.W. 654; and 34 Tex. Jur. 508. The compensation of
public officers is fixed by the Constitution or stat-
utes. An officer may not claim or receive any money
without a law authorizing him to do so and clearly fix-
ing the amount to which he is entitled. 34 Tex. Jur. 511.

Article 2338-1 creates in each county of this
State a Juvenile Court, a court of record, with exclu-
sive jurisdiction, powers, and duties in proceedings
governing any delinquent child. The pertinent part of
Section 12 thereof reads:

"If during the pendency of a criminal
charge or indictment against any person in
any other court than a Juvenile Court, it
shall be ascertained that that said person
is a female over the age of ten (10) years
and under the age of seventeen (17) years
at the time of the trial for the alleged of-

fense, it shall be the duty of such court
to transfer such case immediately together
with all papers, documents and testimony
connected therewith to the Juvenile Court
of said county."

Your question is predicated upon a case where
the accused was indicted for a felony and was transfer-
red by the district court to a juvenile court when it
had ascertained the accused was at the time of trial,
over ten years of age and under the maximum age stated
in Section 12.

Article 2338-1 repealed Articles 1083-1093,
V.C.C.P., and Articles 2329 and 2338, V. C. S., which
were the governing articles pertaining to delinquent
children. Article 1084, prior to its repeal, contained
very similar provisions to those contained in Section
12 for the transfer of cases from another court to the
juvenile docket. This office has consistently held for
many years that when a case was transferred by the dis-
trict court to a juvenile docket in accordance with the
provisions of Article 1084 that claims of a district
clerk, sheriff, or county officer for services rendered
in connection therewith could not legally be paid by the
State. The Comptroller has consistently followed the
opinions of the Attorney General. Opinion No. 0-1468,
cited by you is an example thereof.

Under the statutes heretofore cited, which were
repealed by Article 2338-1, no girl under 18 years of
age or boy under 17 years of age could be convicted of
any felony except perjury. Williams v. State, 225 S.W.
173. The same is true under the provisions of Article
2338-1. Santillian v. State, 182 S.W.(2d) 812. In a
perjury case, the district court has jurisdiction and
retains it. Such a case does not come within the pur-
view of Article 2338-1.

After a very careful consideration of all the
provisions of Article 2338-1 and the statutes providing
for fees to be paid by the State in felony cases to dis-
trict clerks, sheriffs, and other county officers, we
have concluded your question should be answered in the
negative.

While a proceeding of this nature frequently
inflicts hardships upon officers, nevertheless the duty
of supplying such compensation rests with the Legisla-

ture.  It necessarily follows that if the statute pre-
scribes duties to be performed and provides no compen-
sation for the performance of the duty, the officer can-
not collect a fee for the performance of said duty.

## SUMMARY

When a person has been indicted for a
felony offense and the district court finds
that such person, at the time of trial, is
a female over the age of ten years and under
the age of eighteen years, or is a male over
the age of ten years and under the age of
seventeen years, and transfers the case to
a Juvenile Court, the district clerk, sheriff,
or other county officer may not be paid by
the State for services rendered in connec-
tion with such case.  Art. 2338-1, V. C. S.;
Opinion No. 0-1468.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By Burnell Waldrep
Assistant

BW:mw

APPROVED:

FIRST ASSISTANT
ATTORNEY GENERAL