JESSE VANCE JOHNSON V. STATE.

No. 26,436.   May 13, 1953.
Appellant's Motion for Hehearing Denied (Without Written Opinion) June 24, 1953.

*Justice, Justice & Rowan,* by *Wm. Wayne Justice,* Athens, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for bigamy; the punishment, two years in the penitentiary.

This is a second appeal of this case. The former appeal will be found in 157 Tex. Cr. Rep. 564, 251 S. W. 2d 739.

Upon the former trial of this case the jury wrote their verdict upon the face of the indictment, in which they found appellant guilty and assessed his punishment at five years in the penitentiary.

By motion to quash, appellant sought to have the indictment treated as a mutilated instrument, by reason of the above facts, and to have a substitute filed in lieu thereof. The motion was overruled.

The bill of exception presenting this matter shows that the trial court, at the time of the motion to quash, advised counsel that if it became necessary for the jury to see or inspect the indictment he would cause the verdict to be eliminated therefrom by pasting a paper over it, or would refuse to permit the jury to see the indictment with the verdict written thereon.

There is nothing in the bill of exception, nor does it otherwise appear from the record, that the jury saw the indictment with the jury verdict thereon.

The jury may take the indictment into the jury room with them, Art. 674, C. C. P. But there is no requirement that they do so. No error appears in overruling appellant's motion.

Appellant attacks the sufficiency of the evidence to support the conviction, asserting that there was an absence of proof sufficient to establish the first marriage.

The indictment alleged that appellant was lawfully married to Helen Johnson on November 21, 1942. The bigamous marriage was alleged to have taken place on October 29, 1949, to Ada Alice Davis.

To establish the first marriage, the state—among other things—introduced in evidence a marriage license issued by the county clerk of Robertson County, showing that, on the date alleged, Vance Johnson was married to Helen Wynona Jones by a justice of the peace of Robertson County, Texas.

The wife of the alleged bigamous marriage testified that about four months after their marriage appellant admitted to

650

her that he had "a living wife named Helen, and that he married her in November of 1942, in Robertson County, and he was still living with her part of the time."

This testimony is not disputed. Appellant did not testify.

In 6 Tex. Jur., Sec. 17, at page 568, we find the rule stated as follows:

"If proof of the first alleged marriage is made by the introduction of the marriage license, the state must establish that the defendant is the person who is mentioned in the license. The identification may be established by the testimony of witnesses, by other direct proof, or by circumstances from which the jury may draw the inference of identity."

The conclusion is expressed that appellant's admission to his second wife was sufficient circumstance by which the jury were authorized to conclude that he was the person named in the marriage license and in the return of the justice of the peace thereon.

The facts are sufficient, therefore, to support the conviction.

No reversible error appearing, the judgment is affirmed.

Opinion approved by the court.