RODOLFO MEDINA v. STATE

No. 28,244. April 18, 1956.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) May 23, 1956.

*Rizik, Palmer & Gillespie,* by *Phillip C. Palmer* and *James R. Gillespie,* San Antonio, for appellant.

*Hubert W. Green, Jr.,* Criminal District Attorney, *Richard J. Woods,* First Assistant Criminal District Attorney, San Antonio, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is bigamy; the punishment, 4 years.

Adela Coy testified that she met the appellant, who was then living in Bryan, at a place of entertainment in San Antonio; that he came to see her on weekends; that they were finally married on February 21, 1955; that the following Saturday the appellant, when questioned, admitted to her that he was married and had four children; and that she refused to have anything further to do with him thereafter.

Marie, Adela's sister, testified that on Saturday following Adela's marriage, the appellant's father and mother brought appellant's wife from Bryan to San Antonio and they were introduced; that subsequently when she confronted the appellant with this startling bit of information the appellant admitted that he was married and had four children. She stated that she said, "Your wife is out in the car, go talk to her," and that the appellant looked out and said, "Why did my father have to bring her here? * * * I know I am married but I never loved my first wife. I love Dela."

Officer Despres of the San Antonio police testified that some time after the separation of the appellant and Adela he, in answer to a disturbance of the peace call, had an occasion to speak to the appellant and that during this conversation the appellant told him that he was very anxious to speak to "the lady," that he "had married her and was also married to another woman * * * who lived in Bryan" and wanted to "get the thing straightened out."

The county clerk of Brazos County testified that she recorded the marriage license which showed that Rodolfo Medina and Angelina Perez had been married in Bryan on June 25, 1949.

John F. Onion, Jr., Justice of the Peace in Bexar County, testified that he married the appellant and Adela Coy on February 21, 1955.

The appellant did not testify or offer any evidence in his own behalf.

We find the evidence sufficient to support the conviction. Johnson v. State, 158 Tex. Cr. Rep. 648, 258 S.W. 2d 829.

We shall discuss the contentions raised by appellant's able attorneys in their brief and oral argument.

Bill of Exception No. 1 complains of the introduction of the certified copy of the marriage license from Brazos County. The court in his qualification of the bill calls our attention to the fact that later in the trial the instrument was introduced without objection. Appellant contends that his original objection made earlier in the case should not be held to be waived. With this we cannot agree. That is exactly what counsel did when he stated to the court that he had no objection to the introduction of the instrument.

Bills of Exception Nos. 3, 4 and 5 complain of the appellant's wife being brought into the courtroom for the purpose of being identified by the witness Marie as the person introduced to her as the appellant's wife. The wife was not placed upon the witness stand, nor were any questions propounded to her. In Jackson v. State, 136 Tex. Cr. Rep. 574, 126 S.W. 2d 965, this court had before it practically the identical question. In that case we declined to reverse the conviction, saying, "It will be noted that this woman was merely brought into the courtroom for the purpose of identification only; that she was not sworn, nor did she say a word."

Bill of Exception No. 6 complains that the state was permitted to call the prosecuting witness before they had proven the prior legal marriage of the accused and the existence of the wife of such marriage.

We are cited to three bigamy cases by this court in which the question of the order of proof was discussed. We note that each of the cases cited was affirmed.

Finding no reversible error, the judgment of the trial court is affirmed.