Austin Norris **KING**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 40316.

Court of Criminal Appeals of Texas.

April 26, 1967.

Rehearing Denied May 31, 1967.

C. C. Divine, Houston, for appellant.

D. Brooks Cofer, Jr., County Atty., William R. Vance, Asst. County Atty., Bryan, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is murder; the punishment, 14 years.

Our prior opinion reversing a conviction of this appellant for this offense is reported in King v. State, 396 S.W.2d 409.

In view of the fact that the evidence will be discussed only briefly, we will discuss the grounds of error as they appear in appellant's brief filed in the trial court.

■ The first ground is that the witness Debra Jean Carter was not a competent witness. She was one of the witnesses who was not called in the prior trial, which, under the facts, brought about a reversal of the conviction. She testified that she was nine years old and in the third grade. She testified that as she and the other children were playing in the yard and while her mother and her aunt were in the house, appellant drove up to her home and called to her aunt to come out to his automobile. When she refused, he went in the house. She stated that some time later he came out and argued with her aunt and drew a knife on her while they were on the porch and that later he went to his automobile, got a gun and shot her mother as he was standing on the front porch. She stated further that her aunt was

down the street at Mrs. Green's at the time of the shooting. She stated that Officer Henry Johnson came to the house after her mother was shot.

We have examined Debra's entire testimony and find that it meets the test set out in Hines v. State, 160 Tex.Cr.R. 284, 268 S.W.2d 459, in that her testimony was logical and probably true.

His second ground of error is based upon his contention that the State offered proof as to his difficulties with persons other than the deceased and relates to the asking of the following question propounded to appellant on cross examination. "Q. Isn't it a fact that you thought she had gone in to call the police because that is what had happened before?" The general objection to the question was sustained, and it was not answered. Even if the record were clear as to whom the question referred, and it is not, it would not have been error to have permitted the question to be answered in view of the fact that deceased and her sister, Elgene, lived together.

■ His third ground is that the court erred in not instructing a verdict in his favor because of the insufficiency of the evidence. At this trial the witness who had testified at the former trial, as well as the children and the appellant testified. His contention seems to be that the witness Debra Carter was not competent, and that there was no evidence to disprove appellant's claim of self defense. With this contention we do not agree. Earlier in this opinion we have found Debra to be competent, and Williams v. State, 88 Tex.Cr.R. 214, 225 S.W. 173, mentioned in appellant's brief would support an affirmance of this conviction. See also Santillian v. State, 147 Tex.Cr.R. 554, 182 S.W.2d 812, 159 A.L.R. 1098.

■ His fourth ground of error is that appellant's wife was brought into the courtroom for the purpose of identification. She was not placed on the stand and no questions were propounded to her. No error is reflected by this occurrence. See Jackson v.

State, 136 Tex.Cr.R. 574, 126 S.W.2d 965, and Medina v. State, 163 Tex.Cr.R. 247, 289 S.W.2d 932. He also complains of the question propounded to appellant as follows: "Q. Don't you know that you can put your wife up here and let her tell this story to the jury?" Duran v. State, 144 Tex.Cr.R. 614, 165 S.W.2d 192, is authority for the rule that an allusion to a defendant's failure to place his wife on the stand is not error. Under this same ground of error appellant complains of the introduction of State's Exhibit #6, which the prosecutor testified was delivered to him by Vernell King, whom "other witnesses testified is the wife of the Defendant." This was in rebuttal of appellant's testimony that he had delivered the object to the police himself, and the jury was instructed that they might consider the same solely for the purpose of impeachment.

■ Ground of error five grew out of the cross examination of appellant's reputation witness, who, with the permission of the court, was called out of order. He was asked if he had heard that the defendant had been convicted of negligent homicide in Washington County, to which the witness replied that he had not. In Vance v. State, Tex.Cr.App., 365 S.W.2d 182, we said, "A character witness who has attested the good reputation of an accused may, as affecting the weight, "credibility, and sincerity of his testimony, be asked on cross-examination if he had heard of acts of misconduct of the accused which were inconsistent with that reputation." When a question concerning such charge was addressed to appellant on cross examination, the objection was sustained, and the jury was instructed not to consider the same.

■ Appellant's sixth ground of error relates to the court's charge. We find no objections to the charge in the record before us, and therefore nothing is presented for review.

Finding no reversible error, the judgment is affirmed.