James RAE, Appellant,

v.

The STATE of Texas, Appellee.

No. 40989.

Court of Criminal Appeals of Texas.

Jan. 31, 1968.

Lee Nowlin, W. Frank Gaston, Plainview, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

DICE, Judge.

The conviction is under Art. 353b, P.C., for escapting from jail; the punishment, one and a half years' confinement in the Texas Department of Corrections.

The indictment, omitting the formal parts, charged:

" * *· * that on or about the 18th day of June, A.D. 1966, and before the presentment of this indictment, in the County and State aforesaid, James Rae, while a prisoner having formally been charged with the felony offenses of Burglary and Receiving and Concealing Stolen Property, as the same is set forth in indictments duly filed with the district clerk of Hale County in Cause numbers 5048, 5049, 5050, 5051, 5052, 5054 and 5055, and while confined in a prison, same being a county jail designed by law for the keeping of persons under custody under process of law, did then and there unlawfully attempt to escape and did escape such confinement * * *."

Appellant predicates his appeal upon five grounds of error, urged in his brief filed in the trial court.

In his first ground of error, appellant complains of the court's action in overruling his motion to require the state to try the cases pending against him "in their regular order in the due course of the business of the Court." Appellant insists that the state should have been required to first try the seven cases alleged in the indictments under which he was being confined before trying him in the instant case for the offense of escaping jail. In substance, it is appellant's contention that the court erred in calling the case for trial out of numerical order.

■ The matter of calling cases for trial on the docket is within the discretion of the trial judge. Sowers v. State, Tex. Cr.App., 248 S.W.2d 949, and Wechsler v. State, Tex.Cr.App., 361 S.W.2d 379. We perceive no abuse of discretion. The ground of error is overruled.

■ In his second ground of error, appellant insists that the court erred in refusing to sustain his exception to the indictment "because the indictment did not allege that appellant was in jail upon accusation or indictment or by virtue of or because of the indictments in Cause Nos. 5048, 5049, 5050, 5051, 5052, 5054 and 5055."

We overrule the ground of error, as a reading of the indictment refutes appellant's contention. The allegations of the indictment sufficiently charged an offense, under Art. 353b, supra.

■ In his third ground of error, appellant insists that he was not sufficiently identified as being the person charged in the seven cases named in the indictment.

The record reflects that the indictments in the seven cases against James Rae were introduced in evidence as state's exhibits #11 through #17. The indictments were filed in each case on April 18, 1966.

The indictments in Cause #5048 through #5052 charged the offense of burglary and the indictments in Cause #5054 and

#5055 charged the felony offense of receiving and concealing stolen property.

Detective Lieutenant Ben Moorman, of the Plainview police department, testified that he had occasion to work on the cases, that he appeared before the grand jury, and that appellant was the same James Rae indicted "on these burglaries."

Sheriff Troy Porterfield testified that on June 18, 1966, appellant was confined in the Hale County jail "on a burglary charge," and at the time of trial was out on bond "on those charges."

The witness Frank Russell testified that on June 18, 1966, he was deputy sheriff of Hale County, that he was acting as jailer, and that on such date the appellant was a prisoner confined in the jail. He further related testimony showing appellant's escape.

The proof was sufficient to identify the appellant as the person charged in the indictments in the seven cases and being confined in jail as a prisoner under said charges at the time of his escape.

■ In his ground of error #4, appellant insists that the court erred in failing to instruct the jury that they could not consider "the seven cases of burglary and receiving and concealing stolen property as any evidence of defendant's guilt."

No objection was made to the charge on such ground nor was any request made by appellant for such a charge. In the absence of an objection to the charge, or a requested charge, appellant's complaint is not before this court for review. King v. State, Tex.Cr.App., 414 S.W.2d 935; Eldredge v. State, Tex.Cr.App., 284 S.W.2d 734.

■ We observe that the evidence that appellant was under indictment in the seven cases was admissible to prove one of the main issues in the case and need not be limited. Moss v. State, Tex.Cr.App., 364 S.W.2d 389.

■ In his ground of error #5, appellant complains of certain jury argument of state's counsel, the cumulative effect of which he insists deprived him of a fair and impartial trial.

In this ground of error appellant attempts to join in one complaint some nine separate and distinct remarks made by the district attorney, some being made in his closing argument on the issue of guilt or innocence and the others in his argument on the issue of punishment.

Art. 40.09, Sec. 9, C.C.P., requires that the brief of the defendant "shall set forth separately each ground of error of which defendant desires to complain on appeal." See Johnston v. State, Tex.Cr.App., 418 S.W.2d 522, 527, and also Ward v. State, No. 40,856, opinion delivered January 10, 1968, not yet reported.

Under the record, appellant's complaint to jury argument is not properly before us for review. We have, however, examined such argument and find nothing which should be considered as unassigned error, under the authority of Sec. 13 of Art. 40.-09, supra.

The judgment is affirmed.