Curtis Wilson GIBSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 41025.

Court of Criminal Appeals of Texas.

Feb. 7, 1968.

Rehearing Denied March 13, 1968.

Layne R. Turner, San Angelo, for appellant.

Royal Hart, Dist. Atty., San Angelo, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The offense is rape by force; the punishment, 6 years.

By his first ground of error appellant complains of a number of remarks of the district attorney, some of which were made in his opening argument and the remainder in his closing argument.

Art. 40.09(9) Vernon's Ann.C.C.P. requires that the defendant's brief set forth separately the grounds of error of which he desires to complain on appeal. See Rae v. State, Tex.Cr.App., 423 S.W.2d 587, and authorities cited.

If before us as separate grounds of error, neither of the excerpts from the arguments of the district attorney and the ruling of the court on the objection thereto reflects reversible error.

The remaining ground for reversal is that "there is a reasonable doubt, as a matter of law, that the prosecutrix did not consent to the act of intercourse with defendant and the court failed to instruct the jury as to implied consent."

Assuming that this ground of error does not offend the requirements of Art. 40.09 (9), supra, it is overruled.

The testimony from the standpoint of the state shows that the twenty year old prosecutrix, a sophomore at Angelo State College who had never had sexual relations and had never seen the thirty year old married man before that day, was by force, and despite her utmost resistance to prevent it, ravished.

The testimony of the prosecutrix was supported by testimony of other witnesses as to her physical and mental condition at the time of her outcry and report shortly after the intercourse, and as to her good reputation for virtue and for truth and veracity.

The court's charge included instructions that before the defendant could be found guilty the jury must find beyond a reasonable doubt that the prosecutrix did not consent; and the jury was also instructed to acquit if they found or had reasonable doubt that the prosecutrix failed to use every exertion in her power under the circumstances to prevent the defendant from having intercourse with her at the time and place in question. The record reflects no objections to the charge and no requested charges.

Appellant's testimony was that he had sexual intercourse with the prosecutrix at the time and place in question with her consent and without force. The jury resolved the issue raised by his testimony against him and the evidence is sufficient to sustain the jury's verdict.

The judgment is affirmed.