Allan BECK, Appellant,

v.

The STATE of Texas, Appellee.

No. 08–82–00084–CR.

Court of Appeals of Texas,
El Paso.

Jan. 12, 1983.

Scott Segall, El Paso, for appellant.

Steve W. Simmons, Dist. Atty., El Paso, Robert Huttash, State Pros. Atty., Austin, for appellee.

Before STEPHAN F. PRESLAR, C.J., and WARD and SCHULTE, JJ.

OPINION

STEPHAN F. PRESLAR, Chief Justice.

This is an appeal from a conviction for second-degree felony escape. The jury assessed punishment at twenty years confinement. We reverse.

■ In Ground of Error No. One, Appellant contends that the indictment in this cause was defective in the sufficiency of notice afforded him to prepare a defense. His pretrial motion to quash was overruled by the trial court. The indictment alleged that Appellant, having been convicted of robbery, escaped from the custody of the Sheriff of El Paso County, using or threatening to use a deadly weapon in the furtherance of such escape. The indictment did not indicate the subject of Appellant's use or threatened use of the deadly weapon. This assaultive aspect of the escape is an aggravating subsidiary offense which elevates the punishment range for escape from a third-degree felony to second-degree. The identity of the assault victim is not an essential element of the indicted offense such that the failure to specifically allege the victim would constitute fundamental error. The alleged error is one of the sufficiency of notice and was a proper matter for Appellant's motion to quash. The need for such advance notice is clearly demonstrated by the evidence in this case. The escape involved five inmates, each accountable individually and as a party. Three separate weapons were employed which would fall within the State's allegation of "a sharpened metal object," and apparently these weapons changed hands during the course of the escape. The evidence further

demonstrated that the escapees accosted two members of the jail staff at different times and locations, only one of whom sustained actual injury. In *King v. State,* 594 S.W.2d 425 (Tex.Cr.App.1980), the *en banc* decision of the Court of Criminal Appeals reversed a capital murder conviction for failure to allege the identity of the victim of the aggravating kidnapping, aggravated rape and robbery. The alleged murder victim was a male. The court continued to adhere to the rule that the constituent elements of an aggravating res gestae offense are not essential elements of the charged offense. The identity of the victim of the aggravating offense is, however, a fact crucial to the accused's preparation of his defense to the main charge. If such specificity is properly sought by pretrial motion challenging the notice afforded by the pleadings, then the trial court must order the State to comply. *King,* at 426–427; *American Plant Food Corporation v. State,* 508 S.W.2d 598 (Tex.Cr.App.1974). *See also: Goss v. State,* 580 S.W.2d 587 (Tex.Cr. App.1979); *Brem v. State,* 571 S.W.2d 314 (Tex.Cr.App.1978); *Childs v. State,* 547 S.W.2d 613 (Tex.Cr.App.1977); *Wallace v. State,* 550 S.W.2d 89 (Tex.Cr.App.1977). Ground of Error No. One is sustained.

Our disposition of Ground of Error No. One renders it unnecessary to present any lengthy analysis of the remaining grounds. We do, however, make the following observations for the trial court's guidance upon any retrial of this cause. In Ground of Error No. Two, Appellant contends that evidence of a prior conviction was offered during the punishment phase through the unsworn testimony of a police witness. The record clearly demonstrates that latent fingerprint examiner Sergio Lopez, who identified Appellant as the subject of a penitentiary packet, was never sworn as a witness.

The requirement of an oath is implied by Article I, Section 5 of the Texas Constitution. In civil matters, the error attending failure to swear a witness may be waived by failure to object if both parties are present at the testimony. *Cauble v. Key,* 256 S.W. 654 (Tex.Civ.App.—Austin 1923, no writ); *Trammell v. Mount,* 68 Tex. 210, 4 S.W. 377 (1887). In criminal proceedings, there is some suggestion that the error is fundamental and not subject to waiver. The only basis for such a rule, however, is dicta in two cases, not on point with the case at hand. In *Bell v. State,* 2 Tex.Cr. App. 215 (Tex.Crim.App.1877), the appellate court was dealing with an unsworn written statement of a burglary victim introduced upon the agreement of pre-trial defense counsel who did not represent the defendant at trial. The witness never appeared, depriving the defendant ·of even physical confrontation, sworn or unsworn. In *Santillian v. State,* 147 Tex.Cr.R. 554, 182 S.W.2d 812, 812–813 (Tex.Crim.App.1944), the Court of Criminal Appeals evaluated a contention that despite oath, a juvenile witness, not susceptible to punishment for perjury, was not a competent witness. The conviction was affirmed, but the opinion included language that a person not amenable to punishment for perjury was not a competent witness.

 In the instant case, Officer Lopez was not subject to prosecution under the perjury provisions of Penal Code Sections 37.02 or 37.03. Nonetheless, he was present in court, confronting the Appellant, and subject to cross-examination by counsel. To treat the absence of an oath under such circumstances as fundamental error would resume an archaic attitude toward function of the oath in presenting evidence to the jury. The oath relates to the credibility of the witness and not the sanctity of the proceeding. Failure to administer the oath is an error easily cured if called to the court's attention, and we consequently hold that such error may be waived by failure to make timely and proper objection. The question remains whether the error was preserved in this case.

 It is apparent from the record that the alert defense counsel was aware of the error at its inception and walked the time-honored defensive line of trying to preserve error without provoking a cure. Lopez presented his direct testimony and was not cross-examined. The next witness was an

attorney who interpreted the penitentiary packet before the jury. He was cross-examined as to the formal requisites of certification and exemplification, as well as indications of finality of the prior conviction. Following this witness, the State offered the penitentiary packet, at which time the defense objected stating, "[t]here has been no sworn testimony that it is the same man as this man here before the Court." The objection was certainly specific enough, and the critical point missed by both the prosecutor and the trial court. The objection was not, however, timely made. The proper time for objection would have been during Lopez's testimony. Even though the packet had not been introduced at that point, the unsworn witness was testifying as to its contents, especially as to the identity of the subject of the packet. Further objections could have been made during the testimony of the following witness, since he testified and was cross-examined as to the content of the packet, which had not even been introduced into evidence and the predicate for which had been founded upon unsworn testimony. Appellant was free to argue the absence of an oath to the jury in assessing the credibility of the witness, but his objection came too late to preserve error on appeal. Ground of Error No. Two is overruled.

■ In Ground of Error No. Three, Appellant contends that the evidence was insufficient to support a finding that the sharpened metal object was, in the manner of its use and intended use, capable of causing death or serious bodily injury. The various weapons were introduced into evidence: a twelve-inch metal rod filed to a point, a sharpened metal table knife, and a screwdriver with a sharpened point. Jailer Scandifio testified that the implements were held to his throat when the subjects first exited their cell. Jailer Quiroz testified that they were held to his eyes when he was first seized by the inmates, and that he subsequently received a puncture wound to the upper rear portion of his leg during the escape. There was sufficient evidence as to the nature of the weapons and the threatened areas of the jailers' bodies to support

the jury's verdict. *Morales v. State,* 633 S.W.2d 866 (Tex.Cr.App.1982); *Hubbard v. State,* 579 S.W.2d 930 (Tex.Cr.App.1979); *Denham v. State,* 574 S.W.2d 129 (Tex.Cr. App.1978). Ground of Error No. Three is overruled.

■ In Ground of Error No. Four, Appellant complains that the jail cards relating to the other four escapees were introduced solely to expose the jury to the nature of their offenses and prejudice the Appellant by association. The contention is without merit. The five escapees, including Appellant, were criminally responsible as individuals and as parties to the joint escape. This is not a case where four non-inmates were responsible as parties to the escape of one inmate. The custody status of each may be viewed as an element of the overall joint escape or as an element of the four res gestae offenses committed in conjunction with Appellant's own escape from custody. *Chappell v. State,* 519 S.W.2d 453 (Tex.Cr. App.1975). Under either analysis, the evidence was admissible. Ground of Error No. Four is overruled.

■ Ground of Error No. Five asserts that the trial court erred in failing to charge the jury on the lesser included offense of third-degree felony escape. Appellant did not testify. The State's evidence was consistent in its presentation of an escape with the use or threatened use of a deadly weapon. No evidence from any source depicted a scenario less severe than that indicted or charged to the jury. Upon the evidence presented Appellant was either guilty of second-degree felony escape or not guilty. *Ormsby v. State,* 600 S.W.2d 782 (Tex.Cr.App.1979). Ground of Error No. Five is overruled.

■ In Ground of Error No. Six, Appellant contends that the proof was at variance with the indictment. The indictment alternatively charged that Appellant escaped from custody, having been charged with or convicted of robbery. The State elected to charge the jury on the second count only, conviction of robbery. The State's evidence demonstrated that Appel-

lant had been convicted of an enhanced robbery but that such conviction was pending appeal at the time of the escape. Such evidence would support a conviction under these pleadings. *McCarter v. State*, 527 S.W.2d 296 (Tex.Cr.App.1975). Appellant's ground of error rests upon the further testimony of Jail Supervisor Gomez that Appellant's sentence on the enhanced robbery exceeded ten years and that he should properly have been transported to the Texas Department of Corrections prior to the escape. Gomez interpreted his continued presence at the county jail as the probable result of other pending charges against the Appellant. Even if this were true, it would not establish a variance with the State's pleadings that he escaped from custody having been convicted of robbery. It would merely demonstrate that there was more than one basis for his custody. The State's pleadings and proof were sufficient and consistent, providing a proper basis for the verdict. Ground of Error No. Six is overruled.

For the error sustained in Ground of Error No. One, the judgment is reversed and the cause remanded for the trial court to grant the Appellant's original motion to quash the indictment.