

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

December 18, 1997

The Honorable James Warren Smith, Jr.
Frio County Attorney
500 East San Antonio, Box 1
Pearsall, Texas 78061-3100

Opinion No. DM-461

Re: Whether a community supervision and corrections department may refuse to supervise a sixteen-year-old defendant who has been convicted of perjury in a criminal proceeding and placed on community supervision by the criminal court (RQ-990)

Dear Mr. Smith:

You ask whether a community supervision and corrections department may refuse to supervise a sixteen-year-old defendant who has been convicted of perjury in a criminal proceeding and placed on community supervision by the criminal court. We conclude that a community supervision and corrections department must supervise a defendant who has been convicted of perjury in a criminal proceeding and placed on community supervision by the criminal court, regardless of the defendant's age.

As you note, a person between the ages of ten and seventeen, who would generally be within the jurisdiction of the juvenile court system, may be tried for perjury or aggravated perjury in either juvenile court[1] or in a regular criminal proceeding;[2] thus, juvenile courts and criminal courts have concurrent jurisdiction over a person between the ages of ten and seventeen who commits perjury

---

[1] Perjury is punishable as a class A misdemeanor, Penal Code § 37.02, and aggravated perjury is punishable as a third degree felony, *id.* § 37.03. Therefore, conduct that constitutes either perjury or aggravated perjury constitutes delinquent conduct for purposes of Family Code section 51.03(a)(1) (delinquent conduct is conduct that violates penal law of this state and is punishable by imprisonment or confinement in jail).

[2] A juvenile court generally has exclusive jurisdiction over cases involving delinquent conduct by a juvenile. *See* Fam. Code § 51.04. Family Code section 51.03(c) makes an exception for perjury, however, by providing that nothing in title 3 of the Family Code prevents criminal proceedings against a child for perjury. Family Code section 51.08, which requires a criminal court to transfer a case involving a child to the juvenile court, excepts a proceeding in which a child is charged with perjury. In addition, Penal Code section 8.07(a)(1) provides that a person may not be prosecuted for any penal offense that he committed when younger than 15 years of age except, among other offenses, perjury or aggravated perjury.

The Honorable James Warren Smith, Jr. - Page 2    (DM-461)

or aggravated perjury.[3]  You explain that in your county a sixteen-year-old defendant was tried in a criminal proceeding by a criminal court, convicted of perjury under Penal Code section 37.02, and sentenced to jail.  The court suspended the jail sentence and placed the defendant on community supervision.  You state that the county community supervision and corrections department then refused to supervise the defendant because the defendant is a juvenile and was not certified as an adult under Family Code section 54.02.

You suggest that a community supervision and corrections department is not authorized to supervise a sixteen-year-old defendant "because the juvenile would of necessity be exposed to misdemeanant and felonious probationers when they report monthly to the department."  You rely on Family Code section 51.12, a provision mandating that a child detained in a juvenile detention facility adjacent to an adult jail, lockup, or other place of secure confinement "be separated by sight and sound from adults detained in the same building,"[4] and similar provisions in the Family Code.[5]

We disagree with the conclusion that a community supervision and corrections department is not authorized to supervise a sixteen-year-old defendant who has been convicted of perjury in a criminal proceeding and placed on community supervision by the court.  First, Family Code section 51.12 requires the separation of children and adults in detention facilities; it does not require the separation of children and adults in any other context.  We are not aware of any provision that precludes a community supervision and corrections department from supervising a sixteen-year-old defendant.  Indeed, we have found one statute that expressly authorizes a community supervision and corrections department to supervise juveniles, Human Resources Code section 142.003, which permits a county that does not have a sufficient number of juvenile probation cases to justify a juvenile probation department to contract with a community supervision and corrections department

---

[3]See ROBERT O. DAWSON, *Texas Juvenile Law* 35 (4th ed. 1996).  As Professor Dawson observes, "[p]erjury and aggravated perjury are the only criminal offenses for which either a juvenile court or a criminal court has jurisdiction without a prior transfer order from the other court," *id.*  He explains the reason for the unique status of these offenses as follows:

Article 1, Section 5 of the Texas Constitution provides that the oath required of a witness testifying in any judicial proceeding, civil or criminal, must be taken "subject to the pains and penalties of perjury."  There is case law that suggests that since juvenile proceedings are nominally civil, not criminal, a witness who would be subject *only* to juvenile proceedings for lying under oath might not be a competent witness under that constitutional provision. *See Santillian v. State*, 182 S.W.2d 812 (Tex. Crim. App. 1944).  That, in turn, might mean that a juvenile could not testify in any court proceedings.  Rather than incur such a catastrophic risk, the Family Code gives the criminal courts concurrent jurisdiction over those offenses in order to leave no doubt that persons of juvenile court age, if otherwise competent witnesses, may testify under the constitutional qualifying provision.

*Id.* (emphasis in original).

[4]Fam. Code § 51.12(f).

[5]You also cite Family Code section 52.02.

to provide juvenile probation services.[6]  This express legislative approval of such an arrangement undermines any contention that supervision of a sixteen-year-old defendant by a community supervision and corrections department is somehow contrary to public policy.

Second, as explained above, the laws of this state provide that a child may be prosecuted for perjury in a criminal proceeding.  *See supra* notes 1-3 and accompanying text.  Given those provisions, we believe that a sixteen-year-old defendant who is tried for perjury in a criminal proceeding is no less an adult in the eyes of the law than a child certified as an adult under Family Code section 54.02.  We are aware of no statute that would preclude a criminal court from placing a convicted perjurer on community supervision because of his age.  Furthermore, once a court has placed such a defendant on community supervision, we do not believe the community supervision and corrections department has the discretion to refuse to supervise the defendant in defiance of the court's order.[7]

In sum, we do not believe that a community supervision and corrections department is authorized to refuse to supervise a sixteen-year-old defendant under the circumstances you describe.  If the community supervision and corrections department is concerned about exposing the sixteen-year-old defendant to adult defendants on its premises, the department may take steps to minimize such contacts, such as providing a separate waiting area or arranging for the defendant to meet with his community supervision officer at a different location.[8]

---

[6]*See* Hum. Res. Code § 142.003(a)(1).

[7]Placing defendants on community supervision is within the sole province of the judiciary. *See* Code Crim. Proc. art. 42.12 §§ 1 (purpose of article 42.12 is to place wholly within state courts responsibility for determining when imposition of sentence in certain cases shall be suspended), 10 (only court in which defendant tried may grant or revoke community supervision). Community supervision and corrections departments exist, in part, to supervise community supervision; departments have no authority to ultimately determine whether community supervision is appropriate in a particular case. *See generally* Code Crim. Proc. art. 42.12; Gov't Code ch. 76 (establishing community supervision and corrections departments).

[8]We do not address whether a community supervision and corrections department is authorized to contract with a juvenile probation department to supervise a sixteen-year-old defendant who has been convicted of perjury in a criminal proceeding and placed on community supervision, nor do we address whether a criminal court is authorized to order a juvenile probation department to supervise such a defendant.

## S U M M A R Y

A community supervision and corrections department must supervise a sixteen-year-old defendant who has been convicted of perjury in a criminal proceeding and placed on community supervision by a criminal court, regardless of the defendant's age.

Yours very truly,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by Mary R. Crouter
Assistant Attorney General